## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

KATE WEISSMAN,

       Plaintiff,

v.

UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTHCARE
SERVICE, LLC, AND INTERPUBLIC
GROUP OF COMPANIES, INC., CHOICE
PLUS PLAN,

      Defendants.

CIVIL ACTION NO.:
1:19-cv-10580-ADB

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

SUMMARY OF ALLEGATIONS IN COMPLAINT ..................................................... 4

LEGAL STANDARD.......................................................................................................... 5

LEGAL ARGUMENT......................................................................................................... 6

I.    The Complaint Should Be Dismissed Because It Fails To State a Breach of Fiduciary
      Duty Claim under ERISA § 1132(a)(3). ..................................................................... 6

  A.   To the extent the Complaint asserts an ERISA breach of fiduciary duty claim that is not
       based on a denial of plan benefits, it should be dismissed. ................................................7

  B.   The Complaint's Allegations Regarding Medical Director Qualifications Are Not
       Plausible Because They Are Inconsistent and Conclusory. ...............................................11

  C.   Plaintiff's Claim under ERISA  § 1132(a)(3) Fails Because Adequate Relief is
       Available Under § 1132(a)(1)(B). ......................................................................................12

II.   The Complaint Fails to State a Fiduciary Breach Claim Against the IPG Plan..................15

CONCLUSION................................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Health v. Davila,*
542 U.S. 200 (2004).......................................................................................................2

*Alves v. Harvard Pilgrim Health Care Inc.,*
204 F. Supp. 2d 198 (D. Mass. 2002), *aff'd,* 316 F.3d 290 (1st Cir. 2003)............................10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...................................................................................................5, 6, 11

*Barnes v. Blue Cross & Blue Shield of Mich.,*
No. 03-cv-40025, 2009 WL 909551 (E.D. Mich. Mar. 31, 2009)...........................................14

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)...........................................................................................................6

*Conkright v. Frommert,*
559 U.S. 506 (2010)...........................................................................................................2

*DeLuca v. Blue Cross Blue Shield of Mich.,*
628 F.3d 743 (6th Cir. 2010) ...............................................................................................9

*Diaz v. Spencer,*
No. 12-cv-12154, 2013 WL 1759013 (D. Mass. April 22, 2013)...........................................15

*Dickey v. Nat'l Football League,*
No. 17-cv-12295, 2018 WL 4623061 (D. Mass. Sept. 26, 2018)............................................9

*Fifth Third Bancorp v. Dudenhoeffer,*
573 U.S. 409 (2014)........................................................................................................2, 6

*Firestone Tire & Rubber Co. & Bruch,*
489 U.S. 101 (1989)..........................................................................................................14

*Grammel v. Prudential Ins. Co. of Am.,*
502 F. Supp. 2d 167 (D. Mass. 2007) ..............................................................................3, 13

*Johns v. Blue Cross Blue Shield of Michigan,*
No. 08-CV-12272, 2009 WL 646636 (E.D. Mich. Mar. 10, 2009) ...........................................8

*Korotynska v. Metro. Life Ins. Co.*,
474 F.3d 101 (4th Cir. 2006) ............................................................................13

*LaRocca v. Borden, Inc.*,
276 F.3d 22 (1st Cir. 2002)................................................................................12

*Larson v. United Healthcare Ins. Co.*,
723 F.3d 905 (7th Cir. 2013) ...............................................................................8

*LaRue v. DeWolff, Boberg & Assoc., Inc.*
552 U.S. 248 (2008)..............................................................................................2

*Mass. Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985)...................................................................................2, 3, 14

*Mertens v. Hewitt Assocs.*,
508 U.S. 248 (1993)..............................................................................................3

*Pegram v. Herdich*,
530 U.S. 211 (2000)..........................................................................................8, 9

*Rochow v. Life Ins. Co. of N. Am.*,
780 F.3d 364 (6th Cir. 2015) .............................................................................14

*S.E.C. v. Tambone*,
597 F.3d 436 (1st Cir. 2010)................................................................................6

*Schatz v. Republican State Leadership Comm.*,
669 F.3d 50 (1st Cir. 2012)................................................................................11

*Simmons v. Deutsche Bank Nat'l Trust Co.*,
No. 18-cv-10136, 2018 WL 1924453 (D. Mass. April 24, 2018).........................15

*Stein v. Smith*,
270 F. Supp. 2d 157 (D. Mass. 2003) ...............................................................7, 8

*Turner v. Fallon Cmty. Health Plan, Inc.*,
127 F.3d 196 (1st Cir. 1997)..............................................................................12

*Varity Corp. v. Howe*,
516 U.S. 489 (1996)...................................................................................2, 8, 12

**Statutes and Rules**

29 U.S.C. § 1002(21)(A)............................................................................................7

29 U.S.C. § 1132(a)(1)(B) ................................................................................ *passim*

29 U.S.C. § 1132(a)(2)..................................................................................................2

29 U.S.C. § 1132(a)(3)........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 5, 9, 16

Defendants UnitedHealthcare Insurance Company and United Healthcare Service, LLC ("UnitedHealthcare"), and Defendant Interpublic Group of Companies, Inc. Choice Plus Plan ("IPG Plan"), (collectively, "Defendants"), respectfully submit this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint.  Defendants respectfully move the Court for the entry of an Order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## INTRODUCTION

Plaintiff's Complaint is based on the core allegation that her request for coverage of Proton Beam Radiation Therapy ("PBRT") for cancer was improperly denied as "experimental or investigational or unproven" under the terms of her ERISA-governed health plan (the "Plan") based on UnitedHealthcare's PBRT Policy (the "PBRT Policy") and an allegedly inadequate review by UnitedHealthcare's medical directors.  Compl. [Dkt. No. 1] ¶¶ 9-12.   Based on this single alleged injury—denial of benefits allegedly owed under her Plan—Plaintiff brings a claim under ERISA § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3), for equitable relief arising from a breach of fiduciary duty.  *Id.* ¶¶ 59, 60, 62-65.   Plaintiff's Complaint should be dismissed because the Complaint at most alleges an ERISA denial-of-benefits claim and not an independent claim under § 1132(a)(3) for equitable relief arising from a breach of fiduciary duty, allegations regarding Defendants' purported breach of fiduciary duty are not pled with plausibility, and the Complaint lacks sufficient facts to state a § 1132(a)(3) claim as to the IPG Plan.

The Supreme Court has held that District Courts have an obligation to scrutinize ERISA class actions at the pleading stage and engage in a "careful, context-sensitive scrutiny of a complaint's allegations" to ensure that its allegations are congruent with ERISA's statutory

scheme. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). ERISA's civil-enforcement provisions in § 1132(a) are "carefully integrated" and an "interlocking, interrelated, and interdependent" part of a "comprehensive and reticulated statute." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). ERISA's civil-enforcement scheme has different subsections that give rise to separate and distinguishable causes of action, demand proof of different elements, are available against only certain defendants, and provide various and differing forms of relief. *LaRue v. DeWolff, Boberg & Assoc., Inc.* 552 U.S. 248, 257-59 (2008) (Roberts, J. concurring) (discussing distinctions between §§ 1132(a)(1)(B), (a)(2), and (a)(3)). As relevant here, subsection 1132(a)(1)(B) allows a participant (or beneficiary) of an ERISA-governed plan to bring a civil action to recover benefits due under, enforce rights under, or clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). In contrast, § 1132(a)(3) is a "catch-all" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries . . . not elsewhere adequately remed[ied]" under § 1132(a). *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

As the Supreme Court has recognized, this detailed remedial scheme reflects a "careful balancing" between "competing congressional purposes," *id.* at 497, 538 (1996), which must be taken into account when addressing ERISA claims:

> ERISA represents a careful balancing between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans. . . . ERISA induces employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred.

*Conkright v. Frommert*, 559 U.S. 506, 517 (2010) (internal quotation marks and citation omitted); *see also Aetna Health v. Davila*, 542 U.S. 200, 215 (2004) (recognizing that "limited remedies available under ERISA are an inherent part of the 'careful balancing' between"

competing goals).  Accordingly, the Supreme Court has declined to tamper with "an enforcement scheme crafted with such evident care as the one in ERISA." *Mass. Mut.*, 473 U.S. at 147; *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262-64 (1993) (declining to expand liability to non-fiduciaries and describing ERISA as "an enormously complex and detailed statute that resolved innumerable disputes between powerful competing interests—not all in favor of potential plaintiffs").

Under this enforcement scheme, because an ERISA plaintiff has an adequate remedy for a denial-of-benefit claim under § 1132(a)(1)(B), a repackaged denial-of-benefit claim brought under § 1132(a)(3) as a claim for equitable relief arising under a breach of fiduciary duty is deficient as a matter of law.  *See*, *e.g., Grammel v. Prudential Ins. Co. of Am.*, 502 F. Supp. 2d 167, 171 (D. Mass. 2007).

Against this backdrop, Plaintiff's Complaint is deficient for multiple reasons.  First, ERISA imposes no independent fiduciary obligation on Defendants in connection with the development of the PBRT Policy or other generally applicable business decisions, separate from the ***application*** of those policies or business decisions in making determinations about specific benefit determinations.  As Plaintiff asserts those theories as separate bases for her fiduciary duty claim, they should be dismissed because no such independent obligation exists under ERISA. Second, Plaintiff's allegations are inadequate under *Iqbal/Twombly* pleading standards because they are conclusory and internally inconsistent.  Third, the Complaint fails to state a claim under § 1132(a)(3) because Plaintiff has an adequate remedy for her alleged injury—wrongful denial of plan benefits under § 1132(a)(1)(b).  Finally, because the Complaint lacks allegations about the IPG Plan, it fails to plead a plausible claim under § 1132(a)(3) against that defendant.

For all these reasons, the Court should dismiss Plaintiff's Complaint.

## SUMMARY OF ALLEGATIONS IN COMPLAINT

As alleged, Plaintiff has health care benefits under the IPG Plan, a self-funded employer-sponsored health plan for which UnitedHealthcare acted as a third-party claims administrator. Compl. ¶¶ 7, 10.[1]  Plaintiff's Plan excludes coverage for services that are not "medically necessary" or which are "experimental or investigational or unproven."  *Id.* ¶ 10.  Plaintiff quotes and incorporates provisions of her Plan into her Complaint.  *See id.*

The Complaint alleges that UnitedHealthcare had authority under the Plan to determine benefits in its "discretion."  *See, e.g., id.* ¶¶ 8, 10.  Plaintiff asserts that UnitedHealthcare abused its discretion by denying her request for benefits with regard to PBRT for treatment of cervical cancer in 2016 and upholding this decision in response to internal appeals submitted by Plaintiff and her health care providers.  *Id.* ¶¶ 1, 23-29.  As alleged, UnitedHealthcare also referred Plaintiff's request for an "external independent review," in which an outside company determined that PBRT was not a covered benefit under her Plan.  *See, e.g., id.* ¶ 32.

The Complaint alleges that UnitedHealthcare "denied" requests or claims for benefits for PBRT owed under Plaintiff's and putative class members' ERISA plans by "[d]rafting and implementing" the PBRT Policy and allegedly having unqualified medical directors make benefit determinations using the policy.  *Id.* ¶ 57; *see also id.* ¶¶ 9, 16, 24, 26, 34.  Plaintiff asserts that UnitedHealthcare denied coverage for PBRT for certain cancers based on a "not indicated list" in the PBRT Policy when she believes "PB[R]T is an established form of treatment that is widely accepted by physicians, government agencies and many insurers and

---

[1]     Generally, for a fully-insured employer-sponsored health plan the insurance carrier pays health care claims based on the coverage benefits outlined in the policy that the employer purchased, while for a self-insured health plan the employer operates its own plan and ultimately is responsible for making benefit payments.  Self-funded plans often use a third-party administrator to provide claims processing or other services for the plan.  *See generally* Compl. ¶¶ 8, 10.

other payers[.]"  *Id.* ¶¶ 9, 12-16.  The Complaint alleges that in so doing UnitedHealthcare wrongly denied Plaintiff and putative class members' requests or claims for PBRT as not medically necessary or as "experimental or investigational or unproven" under the terms of the applicable ERISA plans.  *Id.* ¶¶ 12, 40.

In her Complaint, Plaintiff brings a claim under ERISA § 1132(a)(3) on behalf of herself and a putative class.  *Id*. ¶¶ 59, 60, 62-65.  The Complaint defines the putative class as consisting of "[a]ll persons covered under ERISA-governed plans, administered or insured by UnitedHealthcare, whose requests for PB[R]T were denied at any time within the applicable statute of limitations, or whose requests for PB[R]T will be denied in the future, based upon a determination by UnitedHealthcare that PB[R]T is not medically necessary or is experimental, investigational or unproven."  *Id*. ¶ 40.[2]

## LEGAL STANDARD

A complaint should be dismissed when it fails to allege sufficient factual matter to state a claim to relief that is plausible on its face.  Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To be facially plausible, a complaint must contain "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the Court must accept the facts alleged as true when considering a motion to dismiss, mere "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to state a claim.  *Id.* (internal quotation marks and citation omitted).  In addition, there must be

---

[2]       Defendants reserve all rights to challenge any claims or allegations that may survive the instant Motion, at the appropriate time, including but not limited to challenging Plaintiff's entitlement to reimbursement under her health benefits Plan or other relief sought on behalf of herself or a class, whether Defendants can be liable under any theory with regard to plans other than the named plaintiff's Plan, or that this action may proceed as a class action.

"more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjuncture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 422 (1st Cir. 2010).

An ERISA plaintiff must satisfy these same pleading standards. Consistent with *Twombly* and *Iqbal*, the Supreme Court has held that District Courts must scrutinize ERISA class actions at the pleading stage, where the motion to dismiss for failure to state a claim is an "important mechanism for weeding out meritless claims." *Fifth Third Bancorp.*, 573 U.S. at 425. This requires a reviewing court to engage in a "careful, context-sensitive scrutiny of a complaint's allegations" to ensure that, prior to engaging in costly discovery, the complaint properly states a claim for relief. *Id.*

## LEGAL ARGUMENT

### I.     The Complaint Should Be Dismissed Because It Fails To State a Breach of Fiduciary Duty Claim under ERISA § 1132(a)(3).

Against ERISA's carefully integrated and crafted remedial scheme, Plaintiff styles her claim as a single count for equitable relief under § 1132(a)(3) arising from Defendants' purported breach of fiduciary duties. Compl. ¶¶ 55-59. Plaintiff asserts that Defendants violated fiduciary duties by (a) "[d]rafting and implementing medical policy no. T0132 for PB[R]T that relies upon outdated medical evidence, ignores contemporary medical evidence, and relies more heavily on actuarial calculation of risk pools;" (b) "[d]rafting and implementing [other] policies and procedures . . . that provide for an inadequate review of clinical records by its medical directors prior to rendering a determination of coverage;" and (c) not screening or conducting appropriate background checks of its medical directors and "[h]aving policy no. T0132 reviewed and applied to insured members' requests . . . by medical directors who are unqualified [and] not

board certified in the requisite specialty." Compl. ¶¶ 9, 57. The Complaint fails to state a breach of fiduciary claim under ERISA to the extent that it challenges the PBRT Policy and UnitedHealthcare's hiring practices in and of themselves, and it further lacks factual allegations plausibly supporting Plaintiff's allegations that UnitedHealthcare medical directors were unqualified or inadequately screened. The Complaint also improperly attempts to use ERISA's catch-all provision for "other appropriate" equitable relief under 1132(a)(3) when an adequate remedy is available under 1132(a)(1)(B) for the sole alleged harm—wrongful denial of benefits.

### A. To the extent the Complaint asserts an ERISA breach of fiduciary duty claim that is not based on a denial of plan benefits, it should be dismissed.

Plaintiff's Complaint alleges that UnitedHealthcare violated its fiduciary obligations when it "[d]rafted and implemented medical policy no. T0132 for [PBRT] that relies upon outdated medical evidence, ignores contemporary medical evidence, and relies more heavily on actuarial calculation of risk pools." Compl. ¶ 9; *id.* ¶¶ 8, 56-57. Plaintiff thus appears to ask this Court to impose an independent fiduciary obligation on UnitedHealthcare that focuses on *development and implementation* of the PBRT Policy, and not on UnitedHealthcare's *application* of the Policy in making benefit determinations under the Plan terms. Because no such independent obligation exists under ERISA, Plaintiff's claim should be dismissed.

Under ERISA's statutory framework, an actor "is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary control respecting management of such plan" or "he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); *see also Stein v. Smith*, 270 F. Supp. 2d 157, 166 (D. Mass. 2003) (to recover for an ERISA breach of fiduciary duty, a plaintiff must plead not only that the defendant was a fiduciary to a plan, but also that the defendant breached a duty within his or her discretion and control). Not every function that a defendant performs is a fiduciary act.

7

Fiduciary liability arises in "specific increments correlated to the . . . performance of *particular* fiduciary functions in service of the plan, not in broad general terms." *Id.* at 166 (citing *Beddall v. State Street Bank & Trust Co.,* 137 F.3d 12, 18 (1st Cir. 1998) (emphasis added)).  Specifically relevant here, "a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits ***under the terms of the plan documents***." *Varity*, 516 U.S. at 511 (emphasis added).  Accordingly, in assessing whether a plaintiff has stated a claim for breach of fiduciary duty, a court should carefully assess whether the defendant was "performing a fiduciary function [under the terms of the relevant plan] when taking the action subject to complaint." *Pegram v. Herdich*, 530 U.S. 211, 226 (2000).

Plaintiff alleges UnitedHealthcare violated fiduciary duties because the guidelines for evaluating claims for PBRT for cancer purportedly relied on inadequate clinical information and actuarial risk calculations.  Compl. ¶¶ 9, 57.  This allegation fails because simply developing a policy of general applicability is not an independent fiduciary act.  *Cf. Johns v. Blue Cross Blue Shield of Michigan*, No. 08-CV-12272, 2009 WL 646636, at *5 (E.D. Mich. Mar. 10, 2009) (rejecting plaintiff's argument that defendant's "planwide policy and procedure of denying [Applied Behavioral Analysis ("ABA")] benefits on the allegedly spurious grounds that ABA is experimental" is a "breach of fiduciary duty independent of the actual nonpayment itself").  Fiduciary liability also does not attach during set up and design of a plan, but rather in "the context of administration of a plan." *Stein,* 270 F. Supp. 2d at 170.  Therefore, to the extent the Complaint challenges the PBRT policy without regard to UnitedHealthcare's interpretation and application of plan terms in making benefit determinations, it fails to sufficiently allege that UnitedHealthcare was exercising discretion in administering the plan as required to plead that UnitedHealthcare was acting in a fiduciary capacity. *See Larson v. United Healthcare Ins. Co.*,

723 F.3d 905, 917 (7th Cir. 2013) (affirming dismissal of plaintiffs' breach of fiduciary duty claims that did "not attack the discretionary aspects of claims administration [i.e.,] individual eligibility and benefits determinations" but instead, challenged defendant's decisions to require copays for chiropractic care in violation of Wisconsin's chiropractic mandate law, which "'are not themselves fiduciary acts'" (quoting *Pegram*, 530 U.S. at 226)).[3]

Here, the non-fiduciary nature of developing the PBRT Policy is clear on its face, because the undisputed document in effect at the time when Plaintiff's request for authorization of PBRT was denied states plainly that the Policy is an interpretative tool and ***does not supersede*** the specific terms of any individual beneficiary's member-specific benefit plan:

> This Medical Policy provides ***assistance in interpreting UnitedHealthcare benefit plans***. When deciding coverage, ***the member specific benefit plan document must be referenced***. The terms of the member specific benefit plan document (e.g., Certificate of Coverage (COC), Schedule of Benefits (SOB), and/or Summary Plan Description (SPD)) may differ greatly from the standard benefit plan upon which this Medical Policy is based. In the event of a conflict, ***the member specific benefit plan document supersedes*** this Medical Policy.

*See* Ex. 1 (PBRT Policy eff. Dec. 1, 2015).[4]  The act of ***drafting*** the Policy itself therefore cannot be an independent breach of fiduciary duty actionable under ERISA.  The lack of an independent

---

[3]      *See also, e.g., DeLuca v. Blue Cross Blue Shield of Mich.*, 628 F.3d 743, 747 (6th Cir. 2010) (holding that *Pegram* required evaluation of third party administrator's "claims-processing and rate-negotiating roles separately" and that the third party administrator was "clearly" "not acting as a fiduciary when it negotiated the challenged rate changes, principally because those business dealings were not directly associated with the benefits plan at issue here," i.e., were not negotiated on a "plan-by-plan basis," but instead "were generally applicable to a broad range of health-care consumers").

[4]      In ruling on a Rule 12(b)(6) motion, the Court may consider "documents sufficiently referred to in the complaint." *Dickey v. Nat'l Football League*, No. 17-cv-12295, 2018 WL 4623061, at *5 (D. Mass. Sept. 26, 2018) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Because the Complaint specifically invokes the PBRT Policy as central to Plaintiff's theory of liability, it is properly before the Court. *Id.*; *see also* Compl. ¶¶ 9, 16, 24, 26, 34, 57. Plaintiff alleges that her request for authorization of PBRT was denied in April 2016, and that

claim based on the Policy itself is further evident from the only alleged harm associated with the purported breaches of fiduciary duties: *denial of coverage* for PBRT "based upon a determination by UnitedHealthcare that PB[R]T is not medically necessary or is experimental, investigational or unproven." Compl. ¶ 40; *see also id.* ¶ 58 ("UnitedHealthcare has categorically and improperly denied Ms. Weissman and the Class Members' requests for [PBRT], as alleged above."). Thus, as pled, the Complaint implicitly acknowledges that the breach of fiduciary duty claim could only be actionable when the conduct at issue relates to specific benefit determinations.

To the extent Plaintiff's ERISA breach of fiduciary duty claim challenges UnitedHealthcare's adoption of the PBRT policy rather than use of the policy to adjudicate benefits under the applicable ERISA plan terms, it is not actionable under ERISA, and such theory should be dismissed for failure to state a claim.[5]

---

Plaintiff's appeals of the denial, UnitedHealthcare's responses thereto and an external review occurred in April to June 2016. *Id.* ¶¶ 23-32. Exhibit 1 is the PBRT Policy as it existed on those dates. *See* Decl. of Shannon Mullen.

[5]    To the extent the Complaint asserts that UnitedHealthcare breached its fiduciary obligations with regard to "developing" internal policies about review of clinical information or by hiring unscreened or unqualified medical directors, separate from any particular benefit determination involving use of such policy or medical directors, those theories fails to state a claim for the same reasons. Generally applicable policies and hiring decisions are the type of business decisions that are not independent fiduciary acts. *See generally, Alves v. Harvard Pilgrim Health Care Inc.*, 204 F. Supp. 2d 198, 209–10 (D. Mass. 2002), *aff'd*, 316 F.3d 290 (1st Cir. 2003) ("Moreover, the mere fact that an entity is an ERISA fiduciary 'does not restrict it from pursuing reasonable business behavior.'") (quoting *Vartanian v. Monsanto*, 131 F.3d 264, 268 (1st Cir.1997)).

### B.     The Complaint's Allegations Regarding Medical Director Qualifications Are Not Plausible Because They Are Inconsistent and Conclusory.

Plaintiff's allegations about the qualifications of UnitedHealthcare's medical directors and UnitedHealthcare's processes to vet their credentials fail to state a breach of fiduciary duty claim for the additional reason that the pleaded allegations are not plausible.    Gauging plausibility is a "'context–specific' job that compels [the court] 'to draw on' [its] 'judicial experience and common sense.'"   *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Iqbal*, 556 U.S. at 677-78).   In fact, courts may infer from a complaint's factual allegations "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.   *Iqbal*, 556 U.S. at 682.

Plaintiff's allegations are inconsistent on the face of the Complaint.   For example, the complaint states that UnitedHealthcare uses "medical directors [who] are not board certified in the requisite specialty," Compl. ¶ 9, but then goes on to acknowledge that board certified medical directors and doctors—with specialties in relevant areas—reviewed the claim.   *See id*. ¶ 26 (detailing review by a medical director who was "board-certified" in oncology); *id*. ¶ 27 (detailing review by a "board-certified" independent doctor who "specializes" in radiation oncology).   This inconsistency renders implausible the allegation that medical directors are "unqualified" and "not board certified in the requisite specialty." *Id.* ¶ 9.   In another example, the Complaint alleges that UnitedHealthcare "abdicat[ed] [ ] its duty to screen, conduct background checks, [and] review available public records through state medical licensing boards." *Id.* This allegation clashes with others in the Complaint that the medical directors and doctors were board-certified and that they had specialized in certain areas.

Other allegations that medical directors are "unqualified" are wholly conclusory statements.   For example, the Complaint baldly asserts that medical directors "lack the education,

training and experience to appreciate factors in a given case," and "are unaware of contemporary medical evidence in the requisite specialty." *Id*. The Complaint contains no facts such as what education medical directors possess or lack, what training they have or have not completed, what experience they do or do not have, or any other facts that would plausibly suggest their alleged ignorance. *Id*.

To the extent Plaintiff's breach of fiduciary duty claim is based on these inconsistent and conclusory statements, it fails to comply with federal pleading standards and should be dismissed.

### C.   Plaintiff's Claim under ERISA § 1132(a)(3) Fails Because Adequate Relief is Available Under § 1132(a)(1)(B).

The Complaint alleges a single claim seeking equitable relief for breach of fiduciary duty under ERISA § 1132(a)(3). Compl. ¶ 60. Subsection 1132(a)(3) authorizes civil actions "to obtain other *appropriate* equitable relief." 29 U.S.C. § 1132(a)(3) (emphasis added). Yet there is ample authority that claims under § 1132(a)(3) should be dismissed where, as here, they merely repackage a claim for wrongly denied benefits, for which adequate relief is available under another section of ERISA. *See Varity*, 516 U.S. at 514-15 ("Where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"); *LaRocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002) ("[F]ederal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)."). Put another way, § 1132(a)(3) does not create an alternative theory upon which suits alleging ERISA violations may be brought; rather, it is designed to address harm caused by an ERISA fiduciary "only where Congress has failed to provide more specific relief." *Turner v. Fallon Cmty. Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir. 1997) (citing *Varity*, 516 U.S. at 514).

12

Moreover, whether relief is appropriate under ERISA § 1132(a)(3) does not hinge on whether or not a plaintiff will be successful on her § 1132(a)(1)(B) claim. "The mere prospect of relief under § 1132(a)(1) renders relief under § 1132(a)(3) unavailable" and "bars [a] plaintiff's claims under § 1132(a)(3), regardless of whether the plaintiff ultimately prevails" on its claim for benefits under § 1132(a)(1). *Grammel*, 502 F. Supp. 2d at 171-72 (dismissing duplicative (a)(3) claim at motion to dismiss stage).

*Korotynska v. Metro. Life Ins. Co.* is instructive. 474 F.3d 101 (4th Cir. 2006). There, as here, the plaintiff attempted to bring her denial of benefits claim solely under § 1132(a)(3) for a breach of fiduciary duty challenge that defendant processed her claim improperly. Finding that the purpose of the plaintiff's fiduciary duty claim was to recover plan benefits, the court held that the plaintiff had relief available under § 1132(a)(1)(B), and her fiduciary duty claim thus was an impermissible re-packaging of an § 1132(a)(1)(B) claim:

> [I]n *Varity*, the Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies. A plaintiff whose [sole] injury consists of a denial of benefits has adequate relief available for the alleged improper denial of benefits through his right to sue . . . directly under section 1132(a)(1), and thus relief through the application of section 1132(a)(3) would be inappropriate.

*Id.* at 106-07 (internal quotation marks and citations omitted).

Like the plaintiff in *Korotynska*, Plaintiff's § 1132(a)(3) claim is nothing more than a repackaged § 1132(a)(1)(B) claim because the Complaint's only alleged injury is wrongful denial of plan benefits. As pled, UnitedHealthcare's purported breach of fiduciary duty only harms Plaintiff and the putative class by "improperly [having] denied [Plaintiff's] and the Class Member's requests for PBT" allegedly owed under their plans. Compl. ¶ 58; *id.* ¶ 10 (citing plan provisions); *id.* ¶ 17 (asserting alleged breach "unfairly forces [ ] insureds . . . to choose between receiving traditional therapy, like IMRT, which UnitedHealthcare will cover, . . . or paying out-

13

of-pocket . . . and receive PBT[.]").    Subsection 1132(a)(1)(B) provides an adequate remedy for

that alleged injury.  It allows a suit to recover benefits due under the plan, to enforce rights under

the terms of the plan, and to obtain a declaratory judgment of future entitlement to benefits under

the provisions of the plan contract—all of which Plaintiff seeks.  *Compare Firestone Tire &*

*Rubber Co. & Bruch*, 489 U.S. 101, 108 (1989) *and Mass. Mut. Life Ins. Co.*, 473 U.S. at 146-47

(1985) (holding that § 1132(a)(1)(B) allows a plaintiff "to recover accrued benefits, to obtain a

declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and

to enjoin the plan administrator from improperly refusing to pay benefits in the future"), *with*

Compl. ¶¶ 60, 62-63 (seeking declaration that UnitedHealthcare's "practices herein violate

ERISA and ERISA-based fiduciary duties" and injunction requiring UnitedHealthcare to "[r]e-

evaluate all prior authorization requests or claims for PB[R]T" and "reimburse [Plaintiff and

putative class] for amounts incurred for PB[R]T as a result of [wrongful] coverage denials").

Moreover, § 1132(a)(1)(B) permits recovery of pre-judgment interest and attorneys' fees, which

Plaintiff seeks here as well.  *Compare Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372, 374

(6th Cir. 2015), *with* Compl. ¶¶ 60, 65-66.

Plaintiff's request for "disgorgement" likewise fails because it is based on the same

alleged harm (non-payment of plan benefits) and in any event the Complaint is devoid of any

factual allegations to plausibly support a right to disgorged profits.  *See* Compl. ¶¶ 60, 64

(seeking "[a]n accounting of any profits made by UnitedHealthcare from the monies representing

the improperly denied claims and disgorgement of any profits UnitedHealthcare may have

realized by virtue" of the alleged conduct); *see also Barnes v. Blue Cross & Blue Shield of Mich.*,

No. 03-cv-40025, 2009 WL 909551, at *12 (E.D. Mich. Mar. 31, 2009) (no disgorgement

14

remedy lies where "only harm that the complaint alleges [defendant] caused is non-payment of claims . . . under terms of the plan").

Because Plaintiff's articulated harm stems from a denial of benefits for which an adequate remedy exists elsewhere under ERISA, Plaintiff cannot avoid ERISA's "carefully integrated" and "reticulated" scheme by asserting her claim under § 1132(a)(3), and Plaintiff's claim under § 1132(a)(3) must be dismissed.

## II.     The Complaint Fails to State a Fiduciary Breach Claim Against the IPG Plan.

Plaintiff's § 1132(a)(3) breach of fiduciary duty claim against the IPG Plan fails for the additional reason that the Complaint contains almost no facts relating to the IPG Plan, let alone sufficient facts stating a plausible claim for relief.  The Complaint identifies the IPG Plan as "a self-funded group health plan organized and regulated under ERISA" that is "located in New York, New York."  Compl. ¶ 7.  Yet the Complaint is devoid of any factual allegations regarding any purported conduct by the IPG Plan.  The closest the Complaint comes is in Paragraph 9, which alleges that "[e]ach of the defendants acted in concert, is responsible for and committed the course of conduct described herein, including but not limited to the following," but then describes four allegations that are specifically directed at UnitedHealthcare and ***not*** at the IPG Plan.  *Id.* ¶ 9.  The prefatory statement in this paragraph is a legal conclusion and the rest, at best, impermissibly lump the defendants together.  *Simmons v. Deutsche Bank Nat'l Trust Co.*, No. 18-cv-10136, 2018 WL 1924453, at *2 (D. Mass. April 24, 2018) ("[C]ourts are not bound to accept as true legal conclusions couched as factual allegations.") (citing *Iqbal*, 556 U.S. at 678); *Diaz v. Spencer*, No. 12-cv-12154, 2013 WL 1759013, at *6 (D. Mass. April 22, 2013) ("By . . . collectively asserting . . . claims against the defendants[,] plaintiff has failed to meet the Rule 8

requirements.") (citing *Bagheri v. Galligan*, 160 F. App'x 4, 5 (1st Cir. 2005)).  Accordingly,

Plaintiff's § 1132(a)(3) claim against the IPG Plan should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that pursuant to Rule 12(b)(6),

the Court grant Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,
UNITEDHEALTHCARE INSURANCE
COMPANY, UNITED HEALTHCARE SERVICE,
LLC, AND INTERPUBLIC GROUP OF
COMPANIES, INC. CHOICE PLUS PLAN,
Defendants,

By Their Attorney,

/s/ Justin P. O'Brien
Justin P. O'Brien (BBO # 658765)
HOGAN LOVELLS US LLP
125 High St., 20th Floor, Boston, MA 02110
Telephone: (617) 371-1000
Fax: (617) 371-1037
justin.obrien@hoganlovells.com

*Of Counsel:*

Peter H. Walsh
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3017
Fax: (612) 3395167
peter.walsh@hoganlovells.com

Briana L. Black
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6657
Fax: (202) 637-5900
briana.black@hoganlovells.com

Dated:  August 13, 2019

**<u>Certificate of Service</u>**

I certify that on August 13, 2019, a copy of this document was electronically filed

through the ECF system and will be sent electronically to all persons identified in the Notice of

Electronic Filing, and that paper copies will be sent to those indicated as non-registered

participants.

/s/ Justin P. O'Brien
Justin P. O'Brien

Dated:  August 13, 2019