UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                                        |   |                                  |
|--------------------------------------------------------|---|----------------------------------|
| KATE WEISSMAN,                                         | * |                                  |
|                                                        | * |                                  |
| Plaintiff,                                             | * |                                  |
|                                                        | * |                                  |
| v.                                                     | * | Civil Action No. 1:19-cv-10580-ADB |
|                                                        | * |                                  |
| UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, LLC, and INTERPUBLIC GROUP OF COMPANIES, INC., CHOICE PLUS PLAN, | * |                                  |
|                                                        | * |                                  |
| Defendants.                                            |   |                                  |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Kate Weissman ("Weissman") brings claims against UnitedHealthcare Insurance Company, UnitedHealthcare Service, LLC (collectively, "UnitedHealthcare"), and Interpublic Group of Companies, Inc. Choice Plus Plan (the "IPG Plan") (collectively, "Defendants") on behalf of a putative class of individuals with ERISA-governed healthcare plans administered by UnitedHealthcare who had their requests for coverage for proton beam therapy denied after UnitedHealthcare determined that the treatment was "experimental," "investigational," or "unproven." [ECF No. 1 ("Compl.") ¶ 40]. Weissman filed her action under 29 U.S.C. § 1132(a)(3) and also seeks attorneys' fees under 29 U.S.C. § 1132(g). [Id. ¶¶ 53–60].

Presently before the Court is Defendants' motion to dismiss for failure to state a claim, under Federal Rule 12(b)(6). [ECF No. 22]. For the reasons explained below, the motion to dismiss, [ECF No. 22], is GRANTED without prejudice.

I.  **FACTS AS ALLEGED**

The following facts are drawn from the complaint, [Compl.], the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Well Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). This action follows Weissman's proton beam therapy treatment for cervical cancer. At the time of her treatment, Weissman was employed by IPG and a member of the IPG plan, which was administered by UnitedHealthcare. [ECF No. 28 at 8].

In October 2015, Weissman, who was thirty years old at the time, was diagnosed with Stage IIB cervical cancer. [Compl. ¶ 19]. Over the next few months, she underwent traditional chemotherapy treatment, including "cisplatin, pelvic radiation, and tandem and ovoid brachytherapy," which she completed in December 2015. [Id.]. It was determined that the treatment had been ineffective after a PET/CT scan in March 2016 found cancerous cells in two of Weissman's lymph nodes. [Id. ¶ 20].

After a surgery, Weissman was referred to a team of specialists from the Harvard Medical School, Department of Radiation Oncology at Massachusetts General Hospital and the Dana-Farber Cancer Institute. [Id. ¶ 21]. Her treatment team determined that proton beam therapy, in conjunction with cisplatin and radiation, would be the most effective treatment. [Id.]. The team noted that the cancerous lymph nodes were located between Weissman's kidneys and near her small bowel, such that traditional intensity-modulated radiation therapy could cause bowel toxicity. [Id.]. Additionally, because Weissman had already received chemotherapy, the team was concerned about possible damage to her bone marrow. [Id.]. Her treatment team contacted UnitedHealthcare to request prior authorization for the proton beam therapy. [Id. ¶ 22].

Proton beam therapy uses proton beams to destroy cancerous tissue. [Id. ¶ 14]. Medical providers are able to narrowly target the cancerous tissue and thereby minimize potential damage to healthy tissue surrounding the cancerous cells. [Id. ¶ 15]. This therapy is approximately twice as expensive as traditional intensity-modulated radiation therapy. [Id. ¶ 16].

On April 6, 2016, UnitedHealthcare denied Weissman's request for coverage for the proton beam therapy treatment. [Id. ¶ 23]. UnitedHealthcare explained to Weissman that, "You have cervix cancer. We looked at your health plan medical criteria for radiation therapy. This treatment does not meet criteria for coverage. It has not been proven that this treatment is more effective than standard radiation for your medical condition." [Id. ¶ 24].

Policy No. T0132 provides UnitedHealthcare's position on coverage for proton beam therapy and reads as follows:

> **Proton beam radiation therapy is proven and medically necessary for the following indications:**
> - Intracranial arteriovenous malformations (AVMs)
> - Ocular tumors, including intraocular/uveal melanoma (includes the iris, ciliary body and choroid)
> - Skull-based tumors (e.g., chordomas, chondrosarcomas or paranasal sinus tumors)
>
> **Proton beam radiation therapy is unproven and not medically necessary for treating ALL other indications . . . .**

[ECF No. 23-2 at 3]. The Policy then provides a discussion of specific treatments, including a review of clinical evidence and the opinions of professional societies. See [ECF No. 23-2 at 6–20]. The Policy also notes that it should be understood as a guide for patients and is not, itself, a coverage document. It states:

> This Medical Policy provides assistance in interpreting UnitedHealthcare benefit plans. When deciding coverage, the enrollee specific document must be referenced. The terms of an enrollee's document (e.g. Certificate of Coverage (COC) or Summary Plan Description (SPD) and Medicaid State Contracts) may differ greatly from the standard benefit plans upon which this Medical Policy is based. In the

3

event of a conflict, the enrollee's specific benefit document supersedes this Medical
Policy.

[Id. at 2].

Under the terms of the plan itself, the Defendants' do not provide coverage for certain excluded "treatments or supplies[,] even if they are recommended or prescribed by a provider or are the only available treatment for [a member's] condition," including for "Experimental or Investigational Services and Unproven Services." [Compl. ¶ 10]. The Glossary defines "Experimental or Investigational Services" as any services, technologies, treatment, procedure, medication, or device that,

> at the time the Claims Administrator and the Plan Administrator make a determination regarding coverage in a particular case, are determined to be any of the following:
>
> - Not approved by the U.S. Food and Drug Administration (FDA) to be lawfully marketed for the proposed use and not identified in the American Hospital Formulary Service or the United States Pharmacopeia Dispensing Information as appropriate for the proposed use.
> - Subject to review and approval by any institutional review board for the proposed use. (Devices which are FDA approved under the Humanitarian Use Device exemption are not considered to be Experimental or Investigational.)
> - The subject of an ongoing Clinical Trial that meets the definition of a Phase I, II or III Clinical Trial set forth in the FDA regulations, regardless of whether the trial is actually subject to FDA oversight.

[Id.]. The Plan provides an exception for instances in which "the Plan has agreed to cover them as defined in" the Glossary. [Id.].

> Exceptions:
>
> - Clinical Trials for which Benefits are available as described under Clinical Trials in Section 6, Additional Coverage Details.
> - If you are not a participant in a qualifying Clinical Trial as described under Section 6, Additional Coverage Details, and have a Sickness or condition that is likely to cause death within one year of the request for treatment, the Claims Administrator and the Plan Administrator may, at their discretion, consider an otherwise Experimental or Investigational Service to be a

4

> Covered Health Service for that Sickness or condition. Prior to such consideration, the Claims Administrator and the Plan Administrator must determine that, although unproven, the service has significant potential as an effective treatment for that Sickness or condition.

[Id.].

> The Plan defines Unproven Services as

> health services, including medications that are determined not be effective for treatment of the medical condition and/or not to have a beneficial effect on health outcomes due to insufficient and inadequate clinical evidence from well-conducted randomized controlled trials or cohort studies in the prevailing published peer-reviewed medical literature.
>
> - Well-conducted randomized controlled trials are two or more treatments compared to each other, with the patient not being allowed to choose which treatment is received.
> - Well-conducted cohort studies from more than one institution are studies in which patients who receive study treatment are compared to a group of patients who receive standard therapy. The comparison group must be nearly identical to the study treatment group.

[Id.]. In addition, UnitedHealthcare reviews clinical evidence and issues policies that outline clinical evidence available to health care services. [Id.]. If a member has a life-threatening condition that is likely to cause death within one year of the member's request for treatment, UnitedHealthcare may, at its discretion, "consider an otherwise Unproven Service to be a Covered Health Service for that Sickness or condition." [Id.].

Weissman and her treatment team appealed UnitedHealthcare's decision. [Id. ¶ 25]. After review by a UnitedHealthcare medical director, UnitedHealthcare upheld its denial of coverage on April 12, 2016. [Id. ¶ 26]. The letter explained that proton beam therapy had "not been shown to be safe and effective for [Weissman's] condition." [Id.]. Therefore, UnitedHealthcare denied coverage under the "experimental or investigational or unproven" exclusion. [Id.]. UnitedHealthcare referred the decision to an outside specialist in order to get an expert opinion and reminded Weissman that, in the meantime, she was "responsible for all

costs related" to proton beam therapy. [Id.]. After that "Board-certified independent doctor" reviewed the decision and determined that "there [wa]s not enough evidence . . . to show [that proton beam therapy] [wa]s effective for [Weissman's] condition," UnitedHealthcare informed Weissman that it would cover traditional intensity-modulated radiation therapy, but would not cover proton beam therapy. [Id. ¶ 27].

Weissman and her treatment team again appealed the decision. [Id. ¶ 28]. On April 22, 2016, UnitedHealthcare upheld its decision and reiterated its reasoning to Weissman explaining, "[y]ou have cervical cancer . . . . We have reviewed your health plan benefits regarding the use of [proton beam therapy]. Based on the review, there is not enough medical evidence to show [proton beam therapy] is effective for your condition." [Id. ¶ 29]. In response, Dr. Andrea Russo, Assistant Professor at Harvard Medical School in the Department of Radiation Oncology at Massachusetts General Hospital and part of Weissman's treatment team, wrote a letter explaining that the hospital's proton beam therapy team had determined that Weissman was a good candidate for the treatment and that she had been authorized for the next available proton beam therapy treatment slot. [Id. ¶¶ 21, 30, 31]. Five other board-certified oncologists signed Dr. Russo's letter. [Id. ¶ 31].

UnitedHealthcare once again referred the request for external review. [Id. ¶ 32]. On May 5, 2016, AllMed Health Care Management determined that Weissman's proton beam therapy treatment should be excluded from coverage as experimental or investigational because "there [wa]s not enough strong clinical evidence to suggest [that proton beam therapy] would change the outcome in this case." [Id.].

Weissman went forward with her proton beam therapy and spent $95,000 to cover the treatment. [Id. ¶ 35]. She has been cancer-free for two years. [Id. ¶ 36]. She was able to avoid

6

any damage to healthy tissue or organs that might have been caused by traditional intensity-modulated radiation therapy. [Id. ¶ 37].

Weissman argues (1) that Policy No. T0132 relies on outdated medical evidence and ignores contemporary evidence; (2) that UnitedHealthcare's policy for prior authorization review is inadequate; (3) that the medical directors who review requests for prior authorizations are unqualified; and (4) that UnitedHealthcare categorically denies coverage for proton beam therapy for all cancers that are listed on Policy No. T0132's "not indicated list." [Compl. ¶¶ 57(a–c), 9(d), 58].

## II. PROCEDURAL HISTORY

Weissman filed her complaint on March 26, 2019, under 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1132(g). [Compl]. She brings her claims on behalf of herself and members of a putative class consisting of

> [a]ll persons covered under ERISA-governed plans, administered or insured by UnitedHealthcare, whose requests for [proton beam therapy] were denied at any time within the applicable statute of limitations, or whose requests for [proton beam therapy] will be denied in the future, based upon a determination by UnitedHealthcare that [proton beam therapy] is not medically necessary or is experimental, investigational or unproven.

[Id. ¶ 40]. Weissman seeks injunctive relief ordering UnitedHealthcare (1) to stop categorically denying coverage for proton beam therapy; (2) to provide notice to all members who have had requests for proton beam therapy coverage denied; and (3) to reevaluate all previous prior authorization requests for proton beam therapy and provide reimbursement for wrongly denied coverage. [Id. ¶ 60]. Weissman additionally seeks an accounting and disgorgement of any profit that UnitedHealthcare made by denying coverage, as well as attorneys' fees and costs. [Id.].

The Defendants filed their motion to dismiss Weissman's complaint under Federal Rule of Civil Procedure 12(b)(6) on August 13, 2019. [ECF No. 22]. Weissman opposed, [ECF No. 28], and the Defendants replied, [ECF No. 33].

## III.   LEGAL STANDARD

To evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff.  U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation omitted).  The plaintiff's obligation to articulate the basis of her claims "requires more than labels and conclusions . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## IV.   DISCUSSION

### A.   Weissman's Claim Under 29 U.S.C. § 1132(a)(3)

Weissman asserts that UnitedHealthcare violated its fiduciary duties by (1) drafting and implementing Policy No. T0132 which acts as a blanket denial of proton beam therapy, (2)

8

providing inadequate review of clinical records, and (3) by relying on unqualified medical directors. [Compl. ¶¶ 9, 57].

        1.       <u>The Complaint is Sufficient Insofar as It Claims that UnitedHealthcare Violated Their Fiduciary Duties in Applying the Exclusion for "Experimental," "Investigational," or "Unproven" Treatments to Weissman's Coverage Request</u>

UnitedHealthcare first argues that the complaint must be dismissed because Weissman "appears to ask this Court to impose an independent fiduciary obligation on UnitedHealthcare that focuses on ***development and implementation*** of the [proton beam therapy] Policy [No. T0132], and not on UnitedHealthcare's ***application*** of the Policy in making benefit determinations under the Plan terms." [ECF No. 23 at 12].

In an ERISA case, plaintiffs must properly allege that the defendant met one of the statutory tests for fiduciary status before the defendant can be held liable for any alleged breach of a fiduciary duty, including that the defendant exercises authority of the plan including its management and disposition of assets, renders investment advice, or has discretionary authority in the administration of the plan. 29 U.S.C. § 1002(21)(A); <u>Stein v. Smith</u>, 270 F. Supp. 2d 157, 165 (D. Mass. 2003) ("The plaintiffs must therefore properly allege, with respect to a defendant, that he or she meets one of the statutory tests for fiduciary status before liability can be found for any alleged breach by the defendant."). In this case, Weissman must therefore allege facts sufficient to demonstrate, first, that UnitedHealthcare was a fiduciary with respect to the Plan, and, then that it breached its duty as fiduciaries related to matters that were within their discretion or control. <u>See</u> 29 U.S.C. § 1002(21)(A).

Under ERISA, an actor "is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary control respecting management of such plan" or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C.

§ 1002(21)(A). It appears uncontested that UnitedHealthcare is a fiduciary with respect to the Plan. See [ECF No. 23 at 12–13]; see also Pegram v. Herdrich, 530 U.S. 211, 223 (2000) ("[F]iduciary obligations can apply to managing, advising, and administering an ERISA plan . . . ."). It remains for Weissman to demonstrate that the development and application of Policy No. T0132 constituted a fiduciary duty that was breached.

"In general terms, fiduciary responsibility under ERISA is simply stated. The statute provides that fiduciaries shall discharge their duties with respect to a plan 'solely in the interest of the participants and beneficiaries,' that is, 'for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan . . . .'" Pegram, 530 U.S. at 223–24 (internal citation omitted) (quoting 29 U.S.C. § 1104(a)(1)). UnitedHealthcare argues that the complaint must be dismissed because "simply developing a policy of general applicability is not an independent fiduciary act." [ECF No. 23 at 13].

"[A] plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents." Varity Corp. v. Howe, 516 U.S. 489, 511 (1996). "[I]nitial decisions regarding the setup of a plan are not fiduciary acts giving rise to ERISA liability." Stein, 270 F. Supp. 2d at 170. "[O]nly actions respecting the *administration* or *management* of plan 'assets' are subject to fiduciary standards . . . ." Id. (quoting Akers v. Palmer, 71 F.3d 226, 230 (6th Cir. 1995)). "[D]ecisions about the content of a plan are not themselves fiduciary acts." Pegram, 530 U.S. at 226–27 (citing Lockheed Corp. v. Spink, 517 U.S. 882, 887 (1996) ("Nothing in ERISA requires employers to establish employee benefit plans. Nor does ERISA mandate what kind of benefits employers must provide if they choose to have such a plan.")).

10

In this case, UnitedHealthcare denied coverage for Weissman's proton beam therapy treatment based on their interpretation of the Plan's exclusion for "experimental or investigational or unproven" treatments as set forth in Policy No. T0132. [Compl. ¶¶ 9–12; ECF No. 23-2]. This policy was promulgated by UnitedHealthcare and intended to provide guidance as to UnitedHealthcare's interpretation of the "experimental or investigational or unproven" treatment exclusion as applied to requests for proton beam therapy. [Compl. ¶¶ 9–12; ECF No. 23-2]. Therefore, although Weissman may not bring a claim challenging the establishment of the Plan itself, as the decisions about the contents of the Plan itself are not fiduciary acts, she can challenge UnitedHealthcare's application of the Plan to her case. The complaint may properly go forward insofar as it challenges UnitedHealthcare's application of the Policy to Weissman's request for coverage.

2. <u>Plaintiff's Claim Under ERISA § 1132(a)(3) Fails Because Adequate Relief Is Available Under § 1132(a)(1)(B)</u>

UnitedHealthcare argues that "because an ERISA plaintiff has an adequate remedy for a denial-of-benefit claim under § 1132(a)(1)(B), a repackaged denial-of-benefit claim brought under § 1132(a)(3) as a claim for equitable relief arising under a breach of fiduciary duty is deficient as a matter of law." [ECF No. 23 at 8 (citing <u>Grammel v. Prudential Ins. Co. of Am.</u>, 502 F. Supp. 2d 167, 171 (D. Mass. 2007))].

ERISA provides various civil enforcement mechanisms in 29 U.S.C. § 1132(a). Each subsection provides a separate cause of action, requiring different elements and providing different relief. See <u>LaRue v. DeWolff, Boberg & Assoc., Inc.</u>, 552 U.S. 248, 257–59 (2008) (Roberts, J., concurring). Section 1132(a)(1)(B) allows a participant in an ERISA-governed plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the

plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3), meanwhile, provides that a participant may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

The Supreme Court has explained that § 1132(a)(1)(B) allows a plaintiff "to recover benefits due under the plan, to enforce rights under the terms of the plan, and to obtain a declaratory judgment of future entitlement to benefits under the provisions of the plan contract." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 108 (1989); see also Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146–47 (1985) ("To recover the benefits due her, she could have filed an action pursuant to [ERISA] § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] to recover accrued benefits, to obtain a declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and to enjoin the plan administrator from improperly refusing to pay benefits in the future."). The Supreme Court has also said that § 1132(a)(3) is a "catch-all" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries . . . not elsewhere adequately remed[ied]" under § 1132(a). Varity Corp., 516 U.S. at 512. "[F]ederal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section [(a)](1), there is an adequate remedy under the plan which bars a further remedy under Section [(a)](3)." LaRocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002) (collecting cases).

In response, Weissman argues that it is premature to determine whether she can bring claims under both § 1132(a)(1)(B) and § 1132(a)(3). See [ECF No. 28 at 14]. Other circuits that have considered the issue have found that "a plaintiff may plead claims under both § 1132(a)(1)(B) and § 1132(a)(3) at the motion to dismiss stage, so long as the plaintiff does not

12

actually recover under both theories." Trovato v. Prudential Ins. Co. of Am., No. 17-cv-11428, 2018 WL 813368, at *3 (D. Mass. Feb. 9, 2018) (citing Moyle v. Liberty Mut. Ret. Ben. Plan, 823 F.3d 948, 961 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016)); see also N.Y. State Psychiatric Ass'n v. UnitedHealth Grp., 798 F.3d 125, 134 (2d Cir. 2015); Silva v. Metro. Life Ins. Co., 762 F.3d 711, 726 (8th Cir. 2014). This Court recently found that it is inappropriate to dismiss a complaint that brings claims under both § 1132(a)(1)(B) and § 1132(a)(3) as duplicative because plaintiffs can bring claims under both sections even though plaintiffs cannot recover under both provisions. See Brent S. v. Blue Cross Blue Shield of Mass., Inc., No. 17-cv-11569, 2019 WL 3253357, at *4 (D. Mass. July 19, 2019) ("[T]he Court finds that it cannot determine at the motion to dismiss stage whether Plaintiffs will be able to recover on their claim under § 1132(a)(1)(B) and concludes that it would therefore be premature to dismiss Plaintiffs' claim under § 1132(a)(3) as duplicative."). In this case, however, where the complaint only seeks relief under § 1132(a)(3) and makes no mention of § 1132(a)(1)(B), see generally [Compl.], Weissman's argument that she may seek relief under both statutes is inapposite.

Here, Weissman seeks a disgorgement of any profits that the Defendants made by wrongfully denying coverage, and she also seeks an injunction compelling UnitedHealthcare to (1) provide coverage for proton beam therapy, (2) provide notice to plan members of that coverage, and (3) re-evaluate all prior authorization requests for coverage for proton beam therapy. [Id. ¶¶ 60, 62, 63]. Because the complaint seeks relief that is generally available under § 1132(a)(1)(B), it must be dismissed because it has inappropriately repackaged a request for relief under § 1132(a)(1)(B) as an action under § 1132(a)(3).

### 3. The Complaint's Allegations Regarding Medical Director Qualifications Are Insufficient

Weissman claims that UnitedHealthcare violated its fiduciary duty to her and other potential class members by

> [h]aving [P]olicy [N]o. T0132 reviewed and applied to insured members' requests for prior authorization and in the adjudication of insured members' claims by medical directors who are unqualified to render determinations of coverage for [proton beam therapy], including medical directors who are not board certified in the requisite specialty.

[Id. ¶ 57]. UnitedHealthcare claims that the allegation is implausible and internally inconsistent. See [ECF No. 23 at 16–17].

The complaint is insufficient insofar as it claims that UnitedHealthcare's medical directors were unqualified and not board certified. As a preliminary matter, the complaint's argument is circular, as the only factual allegation concerning the directors' qualifications is their determinations that proton beam therapy was not medically necessary and had not been proven effective in treating cervical cancer. Weissman makes no other factual allegation relating to their qualifications. Further, according to the complaint, Weissman's request for coverage was reviewed by one board-certified doctor who "specializes in radiation oncology" and another who specializes in "obstetrics and gynecology." [Compl. ¶¶ 27, 29]. The only other allegation concerning the qualifications of the medical directors contained in the complaint is Weissman's conclusory claim that UnitedHealthcare violated its fiduciary duties by having uncertified directors review Weissman's claim. In assessing a complaint, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Elsevier, Inc., 732 F.3d at 80 (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). Therefore, the Court need not accept Weissman's conclusion that the medical directors were unqualified to determine whether proton

beam therapy was "experimental or investigative or unproven." As it stands, the complaint's factual allegations concerning the qualifications of the medical directors are insufficient to survive a motion to dismiss.

### B. The Complaint Fails to State a Fiduciary Breach Claim Against the IPG Plan

Lastly, the Defendants argue that the complaint must be dismissed as against the IPG Plan. [ECF No. 23 at 20]. The complaint does not sufficiently allege fiduciary acts on the part of the IPG Plan that could have constituted a breach of a fiduciary duty with regard to the proton beam therapy coverage determinations at issue here. The only possible reference to the IPG Plan in the complaint is the allegation that "the defendants acted in concert" and that each "is responsible for and committed the course of conduct described herein . . . ." [Id.]. Weissman explains that the IPG Plan was included "merely [as] a byproduct of the compulsory nature of the arcane ERISA statutes and the risk of omitting an indispensable party," [ECF No. 28 at 8], and argues that an employee benefit plan may be sued under 29 U.S.C. § 1132, [id. at 20 (quoting 29 U.S.C. § 1132(d)(1) ("[A]n employee benefit plan may sue or be sued . . . as an entity."))].

In the First Circuit, "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." Gomez-Gonzalez v. Rural Opportunities, Inc., 626 F.3d 654, 665 (1st Cir. 2010) (quoting Terry v. Bayer Corp., 145 F.3d 28, 36 (1st Cir. 1998)). In this case, according to the plan, the "Plan Administrator [the IPG Plan]. . . delegated to UnitedHealthcare the discretion and authority to decide whether a treatment or supply is a Covered Health Service and how the Eligible Expenses will be determined and otherwise covered under the Plan." [Compl. ¶ 10].

Weissman has not claimed that the IPG Plan made any fiduciary decision that gave rise to her alleged damages. In fact, the complaint makes no mention of any action or inaction on the

15

part of the IPG Plan. Therefore, the complaint fails to state a plausible claim for relief as to the IPG Plan.

## V. CONCLUSION

Accordingly, Defendants' motion to dismiss, [ECF No. 22], is <u>GRANTED</u> without prejudice. Though Weissman has pled sufficient factual allegations concerning the Defendants' application of the plan to her request for proton beam therapy coverage, her complaint inappropriately seeks only relief under 29 U.S.C. § 1132(a)(3). Additionally, the complaint is devoid of factual allegations concerning the inadequacies of the Defendants' medical directors and any fiduciary acts on the part of the IPG Plan. Plaintiff may amend the complaint within twenty-one days.

**SO ORDERED.**

March 25, 2020 /s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE