### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATE WEISSMAN,<br>    Plaintiff,<br>v.<br>UNITED HEALTHCARE INSURANCE COMPANY; UNITED HEALTHCARE SERVICE, LLC; and INTERPUBLIC GROUP OF COMPANIES, INC., CHOICE PLUS PLAN,<br>    Defendants. | Civil Action No. 1:19-cv-10580-ADB<br>(Consolidated with Nos. 1:19-cv-12224 and 1:19-cv-12239) |
| RICHARD COLE, on behalf of himself and others similarly situated,<br>    Plaintiff,<br>v.<br>UNITEDHEALTHCARE INSURANCE COMPANY,<br>    Defendant. | Civil Action No. 1:19-cv-12224 |
| ZACHARY RIZZUTO,<br>    Plaintiff,<br>v.<br>UNITED HEALTHCARE INSURANCE COMPANY; UNITED HEALTHCARE SERVICES, INC.; and THE HERTZ CUSTOM BENEFIT PROGRAM,<br>    Defendants. | Civil Action No. 1:19-cv-12239 |

### DEFENDANTS' ANSWER TO  PLAINTIFFS'  CONSOLIDATED FIRST AMENDED COMPLAINT

Defendants UnitedHealthcare Insurance Company and United Healthcare Service, LLC (together, "UnitedHealthcare"); Defendant Interpublic Group of Companies, Inc., Choice Plus Plan ("IPG Plan"); and Defendant The Hertz Custom Benefit Program ("Hertz Plan"), (collectively, "Defendants") hereby submit this Answer to Plaintiffs' Consolidated First Amended Complaint ("Complaint").  Each numbered response in this Answer is made subject to the following limitations as if set forth fully therein.

*First*, except as expressly and specifically admitted herein, Defendants deny each and every allegation in the Complaint, and further deny that Plaintiffs have suffered any damages by reason of any act, omission, or conduct on the part of Defendants.  Defendants further deny that Plaintiffs are entitled to the relief sought in the Complaint, or to any relief at all, from Defendants.

*Second,* Defendants submit that no response is required to the headings used in the Complaint, and to the extent that a response is required, Defendants deny any factual allegations in such headings.  For ease of reference, Defendants have repeated the same headings, format, and numbering used by Plaintiffs in the Complaint.  Defendants' use of such headings, format, and numbering is in no way an admission of their contents or accuracy.

*Third,* where Defendants state that they lack knowledge or information sufficient to form a belief about the truth of certain allegations, Defendants reserve the right to argue that the allegation is true or false based on the evidence.

*Fourth,* this Answer, including the Defenses asserted by Defendants, is not and shall not be construed as a waiver of Defendants' rights to pursue any defenses or counterclaims, including but not limited to any other claims Defendants may bring against absent class members in any forum.

In response to the numbered paragraphs of the Complaint, Defendants further state as follows:

1

## NATURE OF THE ACTION

1.      Defendants admit that Plaintiffs purport to bring the action described in this paragraph, but deny that Plaintiffs have any valid claim(s) or are entitled to any judgement against Defendants.

2.      Defendants deny the allegations in this paragraph.

3.      Defendants deny the allegations in this paragraph.

## THE PARTIES

4.      Defendants admit that during the time period for which Plaintiff Weissman sought plan benefits alleged in the Complaint, she was a covered participant under the Interpublic Group of Companies, Inc. Plan, a self-insured, employer-sponsored group health plan for which Interpublic Group of Companies, Inc. was the Plan Sponsor and UnitedHealthcare was the Claims Administrator.    The IPG Plan documents and Plaintiff Weissman's mailing address on correspondence at the time she sought plan benefits alleged in the Complaint speak for themselves, and Defendants deny any allegations inconsistent with those documents.    Defendants lack knowledge regarding Plaintiff Weissman's current citizenship or residency and therefore deny same.  Defendants deny any remaining allegations in Paragraph 4.

5.      Defendants admit that during the time period for which Plaintiff Cole sought plan benefits alleged in the Complaint, he was a covered participant under the Cole, Scott & Kissane, P.A. Plan, a fully insured, employer-sponsored plan for which Cole, Scott & Kissane, P.A. was the Plan Sponsor and UnitedHealthcare was the Claims Fiduciary.  The Cole, Scott & Kissane, P.A. Plan documents and Plaintiff Cole's mailing address on correspondence at the time he sought plan benefits alleged in the Complaint speak for themselves, and Defendants deny any allegations inconsistent with those documents.  Defendants lack knowledge regarding Plaintiff Cole's current citizenship or residency and therefore deny same.  Defendants deny any remaining allegations in Paragraph 5.

2

6.      Defendants admit that during the time period for which Plaintiff Rizzuto sought plan benefits alleged in the Complaint, he was a covered participant under the Hertz Custom Benefit Program, a self-funded employer sponsored-plan for which the Hertz Corporation was the Plan Sponsor and UnitedHealthcare was a third-party claims administrator.  The Hertz Custom Benefit Program documents and Plaintiff Rizzuto's mailing address on correspondence at the time he sought plan benefits alleged in the Complaint speak for themselves, and Defendants deny any allegations inconsistent with those documents.  Defendants lack knowledge regarding Plaintiff Rizzuto's current citizenship or residency and therefore deny same.  Defendants deny any remaining allegations in Paragraph 6.

7.      Defendants admit that UnitedHealthcare Insurance Company is a corporation that issues or administers health plans with its principal place of business in the State of Connecticut. The remainder of Paragraph 7 alleges legal conclusions to which to response is required.   To the extent a response to the remaining allegations is required, Defendants deny the allegations in this paragraph.  Defendants further state that they are not challenging that venue is proper in this District nor are they challenging the Court's exercise of personal jurisdiction over the parties.

8.      Defendants admit that UnitedHealthcare Service, LLC is a corporation that issues or administers health plans with its principal  place of business in Wilmington, Delaware.  The remainder of Paragraph 8 alleges legal conclusions to which no response is required.  To the extent a response to the remaining allegations is required, Defendants deny the allegations in this paragraph.  Defendants further state that they are not challenging that venue is proper in this District nor are they challenging the Court's exercise of personal jurisdiction over the parties.

9.      Defendants admit that the IPG Plan under which Plaintiff Weissman was covered at the time she sought PBRT benefits is a self-funded group health plan governed by ERISA and for which the Plan Administrator, The Management Human Resources Committee, was located in New York, New York.  The IPG Plan documents speak for themselves, and Defendants deny any

allegations inconsistent with those documents.  The remainder of Paragraph 10 alleges legal conclusions to which no response is required, and to the extent a response is required, Defendants deny them.

10.    Defendants admit that the Hertz Plan under which Plaintiff Rizzuto was covered at the time he sought PBRT benefits is a self-funded group health plan governed by ERISA and for which the Plan Administrator, the Hertz Benefit Committee, was located in Estero, Florida.  The Hertz Plan documents speak for themselves, and Defendants deny any allegations inconsistent with those documents.  The remainder of Paragraph 10 alleges legal conclusions to which no response is required, and to the extent a response is required, Defendants deny them.

## JURISDICTION AND VENUE

11.    Paragraph 11 contains legal conclusions and assertions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs' Complaint purports to assert ERISA claims and that this Court has jurisdiction over such claims.

12.    Paragraph 12 contains legal conclusions and assertions to which no response is due. To the extent a response is required, Defendants state that they are not challenging that venue is proper in this judicial district.

13.    Defendants admit that Plaintiff Cole filed a class action complaint on April 3, 2019, in the U.S. District Court for the Southern District of Florida.  To the extent Paragraph 13 purports to characterize correspondence regarding Mr. Cole's request for coverage of PBRT treatment, which speak for themselves, and Defendants deny any allegations inconsistent with those documents. Defendants deny any remaining allegations in Paragraph 4.

14.    Paragraph 14 does not contain factual allegations requiring a response.  To the extent a response is required, Defendants admit that U.S. District Judge Darrin P. Gayles entered an order dated October 28, 2019, which speaks for itself.

15.    Paragraph 15 does not contain factual allegations requiring a response.  To the extent a response is required, Defendants admit that this Court entered an Order dated April 8, 2020, which speaks for itself.

16.    Defendants admit that Plaintiff Rizzuto filed a class action complaint on September 19, 2019, in the U.S. District Court for the Middle District of Florida.  The remaining allegations purport to characterize correspondence regarding Plaintiff Rizzuto's request for coverage of PBRT treatment, which speak for themselves, and Defendants deny any allegations inconsistent with those documents.  Defendants lack knowledge of Plaintiff Rizzuto's current residency and therefore deny same.

17.    Paragraph 17 is denied insofar as U.S. District Judge Sherri Polster Chappel's Order of transfer was entered October 29, 2019.  The remainder of Paragraph 15 does not contain factual allegations requiring a response.  To the extent a response is required, Defendants admit that Judge Chappell entered an Order dated October 29, 2019, which speaks for itself.

18.    Paragraph 15 does not contain factual allegations requiring a response.  To the extent a response is required, Defendants admit that this Court entered an Order dated April 13, 2020, which speaks for itself.

## FACTUAL ALLEGATIONS

### A.  UnitedHealthcare Acts as a Fiduciary for its ERISA Plans

19.    Several terms in Paragraph 19, including but not limited to "majority," "UnitedHealthcare," and "private-sector" are vague, and on that basis Defendants deny the allegations in this paragraph.

20.    Paragraph 20 is vague insofar as it does not specify to which particular health insurance plans it refers, and it alleges legal conclusions to which no response is required.  To the extent a response is required, UnitedHealthcare Insurance Company and United Healthcare Service, LLC  state that the "ERISA plans" documents speak for themselves, and Defendants deny

5

the allegations to the extent they are inconsistent with those documents. The remainder of Paragraph 20 is denied.

21.    UnitedHealthcare admits the following: For the employer-sponsored plans that are fully insured by UnitedHealthcare, the employer sponsor purchases the group insurance policy from UnitedHealthcare or other United entity (for purposes of this paragraph referred to UnitedHealthcare), UnitedHealthcare pays healthcare claims for covered members and their covered dependents in exchange for the payment of a premium by the employer sponsor of the plan. UnitedHealthcare pays those claims based on the coverage and benefits selected by the employer sponsor as outlined in the plan the employer purchased. For self-insured plans, the employer sponsor sets up the plan and the plan administrator of the plan is ultimately responsible for making benefit determinations and paying claims from its own assets. Certain self-funded employer-sponsored plans have contracts with UnitedHealthcare to provide claims processing and other services for the plans under detailed administrative services-only contracts.

All Defendants state the following: To the extent first and second sentences of Paragraph 21 purports to characterize UnitedHealthcare's role with regard to plans insured by or for which certain administrative services are provided by it, the documents establishing and/or relating to those plans speak for themselves, and Defendants deny the allegations to the extent they are inconsistent with those documents. The last sentence of Paragraph 21 contains conclusions and statements of law to which no answer is due. To the extent that a response to these allegations or any remaining allegations in Paragraph 21 is required, Defendants deny the allegations.

22.    Paragraph 22 consists of legal conclusions and assertions to which no response is required. To the extent a response is required, Defendants incorporate their answer to Paragraphs 7-10, 20, and 21. Except as expressly admitted, Defendants deny the allegations in this paragraph.

23.     Defendants admit that Plaintiffs purport to bring the action described in this paragraph, but deny that Plaintiffs have been denied access to and or improperly denied coverage for PBRT by UnitedHealthcare.  Defendants deny any remaining allegations in Paragraph 23.

**B.   The Plans**

**1.   The Interpublic Group of Companies, Inc. Choice Plus Plan**

24.      Defendants admit that during the time period for which Plaintiff Weissman sought plan benefits alleged in the Complaint, she was a covered participant under the IPG Plan, a self-funded, plan sponsored by Interpublic Group of Companies, Inc. and for which UnitedHealthcare was the Claims Administrator.  Paragraph 24 purports to quote from the IPG Plan, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the IPG Plan, such allegations are denied, and Defendants deny any remaining allegations in Paragraph 24.

25.     Paragraph 25 purports to quote from the IPG Plan, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the IPG Plan, such allegations are denied.

26.     Paragraph 26 purports to quote from the IPG Plan, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the IPG Plan, such allegations are denied.

27.     Paragraph 27 purports to quote from the IPG Plan, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the IPG Plan, such allegations are denied.

28.     Paragraph 28 purports to quote from the IPG Plan, which speaks for itself.  To the extent this paragraph, takes out of context or contains allegations that are inconsistent with the language of the IPG Plan, such allegations are denied.

### 2. <u>The Cole, Scott & Kissane, P.A. Plan</u>

29.     Defendants admit that during the time period for which Plaintiff Cole sought plan benefits alleged in the Complaint, he was a covered participant under the Cole, Scott & Kissane, P.A. Plan ("CSK Plan"), a fully insured-employer sponsored plan under which benefits are provided under a group insurance contract entered into between Cole, Scott & Kissane, P.A., the Plan Sponsor, and UnitedHealthcare Insurance Company.  Paragraph 29 purports to characterize UnitedHealthcare role with regard to CSK Plan, the plan documents for which speaks for themselves.  Defendants deny the allegations to the extent they are inconsistent with those documents.

30.     Paragraph 30 purports to quote from the Certificate of Coverage for the Health Savings Account Plan AHP3 of Cole, Scott & Kissane, P.A. Benefit Handbook ("CSK Benefit Booklet"), which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the CSK Benefit Handbook, such allegations are denied.

31.     Paragraph 31 purports to quote from the CSK Benefit Handbook, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the CSK Benefit Handbook, such allegations are denied.

32.     Paragraph 32 purports to quote from the CSK Benefit Handbook, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the CSK Benefit Handbook, such allegations are denied.

### 3. <u>The Hertz Custom Benefit Program</u>

33.      Defendants admit that during the time period for which Plaintiff Rizzuto sought plan benefits alleged in the Complaint, he was a covered participant under the Hertz Plan, a self-funded plan for which the Hertz Corporation was the Plan Sponsor and UnitedHealthcare was a third-party claims administrator.  Paragraph 33 purports to quote from the Hertz Plan, which

speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the Hertz Plan, such allegations are denied, and Defendants deny any remaining allegations in Paragraph 24.

34.    Paragraph 34 purports to quote from the Hertz Plan, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language the Hertz Plan, such allegations are denied.

35.    Paragraph 35 purports to quote from the Hertz Plan, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language the Hertz Plan, such allegations are denied.

36.    Paragraph 36 purports to quote from the Hertz Plan, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language the Hertz Plan, such allegations are denied.

**4.  The PBRT Class Plans**

37.    Defendants incorporate their answer to Paragraphs 22, 24, 29, and 33.    Except as admitted therein, Defendants deny the remainder of Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38.

**C.  Proton Beam Radiation Therapy**

39.    Defendants deny the allegations in this paragraph.

40.    Defendants deny the allegations in this paragraph.

41.    With regard to the third sentence of Paragraph 41, Defendants state that radiation therapy is a procedure and, therefore, is not subject to FDA regulation; however, the accelerators and other equipment used to generate and deliver PBRT are regulated by the FDA.  With regard to the last sentence in Paragraph 41, on information and belief, Defendants admit that such devices exist and are used at the facilities listed in Paragraph 41.  The remaining allegations in Paragraph 41 are vague insofar as they do not identify the applicable statements, publications, or studies for

9

Defendants to form a belief about their truth or falsity, and thus Defendants deny the remaining allegations in Paragraph 41.

**D. UnitedHealthcare's PBRT Medical Policy No. T1032**

42.    Defendants deny the allegations in this paragraph.

43.    Defendants deny the allegations in this paragraph.

44.    Defendants deny the allegations in this paragraph.

45.    Paragraph 45 purports to quote from or characterize UnitedHealthcare's January 1, 2019, PBRT Policy, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the January 1, 2019, PBRT Policy, such allegations are denied.  Defendants deny the remaining allegations in Paragraph 45.

46.    Defendants deny the allegations in this paragraph.

47.    Defendants deny the allegations in this paragraph.

48.    Defendants deny the allegations in the first sentence of Paragraph 48.  The second sentence of Paragraph 48 purports to characterize what "Plaintiffs know" and the "reason they bring this action" which either require no response or for which Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations, and those allegations are therefore denied.

**E. Inapplicability of the Experimental Exclusion**

49.    Paragraph 49 purports to characterize the issues in this action and alleges legal conclusions to which no response is due.  To the extent a response to the remaining allegations is required, Defendants deny the allegations in this paragraph.

50.    Paragraph 50 purports to characterize the "Experimental Exclusion" in unidentified health benefit plans and the PBRT Policy.  Those documents speak for themselves, and to the extent this paragraph takes out of context or contains allegations that are inconsistent with those

documents, such allegations are denied. Defendants deny the remaining allegations in this paragraph.

51.    Defendants admit that accelerators and other equipment used to generate and deliver PBRT are regulated by the FDA. The second sentence in this paragraph contains legal conclusions and purports to quote from 21 C.F.R. § 892.5050, which speaks for itself. To the extent this Paragraph contains allegations inconsistent with 21 C.F.R. § 892.5050, the allegations are denied, and Defendants further deny that 21 C.F.R. § 892.5050 entitles Plaintiffs to any judgement against Defendants. Defendants deny the remaining allegations in this paragraph.

52.    Defendants deny the allegations in this paragraph.

53.    Defendants deny the first sentence of Paragraph 53. Defendants further state that Paragraph 53 is vague because it purports to quote from or characterize "Plans," but does not indicate to which "Plans" Plaintiffs are referring. The unidentified "Plans" speak for themselves, and to the extent the second sentence of Paragraph 53 partially quotes from, takes out of context or contains allegations that are inconsistent with those documents, such allegations are denied.

54.    Defendants deny the allegations in the first and third sentences of Paragraph 54. The second sentence of this paragraph is vague insofar as it  purports to quote from unidentified health benefit plans and does not specify a time period or the applicable studies or publications on which Plaintiffs' purport to rely for Defendants to form a belief about their truth or falsity, and those allegations are denied.

55.    Defendants deny the allegations in this paragraph.

**F.**    **Despite its Uniform Policy to Deny the Claims of its Beneficiaries, UnitedHealthcare's Public Initiatives Support PBRT for the Treatment of Cancer**

56.    Defendants deny that UnitedHealthcare is an affiliate of ProHEALTH Proton Center Management, LLC. The remaining allegations in this paragraph purport to characterize

unidentified records of the New York Public Health and Health Planning Counsel, which speak for themselves, and Defendants deny any allegations inconsistent with those records.

57.     Paragraph 57 purports to characterize unidentified records of the New York Public Health and Health Planning Counsel, which speak for themselves, and Defendants deny any allegations inconsistent with those records .

58.     Defendants admit that when accessed on March 17, 2021, the New York Proton Center's website available at https://www.nyproton.com/partners/ said ""The New York Proton Center is partnered with leading academic medical centers Memorial Sloan Kettering Cancer Center, Montefiore Health System, and Mount Sinai Health System – and ProHEALTH as manager."  Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny the allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

**G. The Wrongful Denials & Administrative Appeals**

   **1. Kate Weissman**

60.     Defendants admit, on information and belief, that Plaintiff Weissman's date of birth is July 6, 1985.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, which are therefore denied.

61.     This paragraph purports to characterize medical records concerning Plaintiff Weissman, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with her medical records, those allegations are denied. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's actual physical, medical or health condition, and therefore Defendants deny the allegations in this paragraph.

62.     This paragraph purports to characterize medical records concerning Plaintiff Weissman, which speak for themselves.  To the extent this paragraph takes out of context or

contains allegations that are inconsistent with her medical records, those allegations are denied. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's actual physical, medical or health condition, and therefore Defendants deny the allegations in this paragraph.

63.     Paragraph 63 purports to characterize medical records concerning Plaintiff Weissman and unidentified metrics, data, and studies, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the medical records, applicable metrics, data and studies, those allegations are denied.  Defendants further deny any allegation that Plaintiff Weissman's request for PBRT was improperly denied under the terms of the IPG plan.

64.     Paragraph 64 purports to characterize undated correspondence from Ms. Weissman's health care providers and a letter dated April 6, 2016 from UnitedHealthcare to Plaintiff Weissman, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the undated correspondence and April 6, 2016 letter, those allegations are denied.

65.     Defendants deny the allegations in the second sentence of this paragraph.   The remaining allegations in Paragraph 65 purport to quote from characterize a letter dated April 6, 2016 from UnitedHealthcare to Plaintiff Weissman, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 6, 2016 letter, such allegations are denied.

66.     Defendants admit that a copy of the April 6, 2016 denial letter was mailed to Plaintiff Weissman and Dr. Russo at Massachusetts General Hospital.  The second sentence of this paragraph appears to refer to a letter that is characterized in Paragraph 67 and Defendants thus refer Plaintiffs to and incorporate herein their answer to Paragraph 67. Defendants deny any remaining allegations in Paragraph 66.

67.    Paragraph 67 purports to quote from or characterize a letter dated April 12, 2016 from UnitedHealthcare to Plaintiff Weissman, which speaks for itself. To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 12, 2016 letter, such allegations are denied. Defendants deny the remaining allegations in Paragraph 67.

68.    Paragraph 68 purports to characterize the 2015 PBRT Policy and articles cited therein, which speaks for themselves. To the extent the first and second sentences of this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 12, 2016 letter or the cited articles, such allegations are denied. Defendants deny the allegations in the third sentence of in this paragraph.

69.    Paragraph 69 purports to quote from or characterize a letter dated April 13, 2016 from UnitedHealthcare to Plaintiff Weissman, which speaks for itself. To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 13, 2016 letter, such allegations are denied. Defendants deny the remaining allegations in Paragraph 69.

70.    Paragraph 70 appears to refer to a letter that is characterized in Paragraph 71, and Defendants thus refer Plaintiffs to and incorporate herein their answer to Paragraph 71. Defendants deny any remaining allegations in Paragraph 70.

71.    Paragraph 71 purports to quote from or characterize a letter dated April 22, 2016 from UnitedHealthcare to Plaintiff Weissman, which speaks for itself. To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 22, 2016 letter, such allegations are denied. Defendants deny the remaining allegations in Paragraph 71.

72.    The allegations in Paragraph 72 purports to characterize a letter dated April 27, 2016 from Dr. Russo to UnitedHealthcare, which speaks for itself. To the extent this paragraph

14

takes out of context or contains allegations that are inconsistent with the language of the April 27, 2016 letter, such allegations are denied. The remaining allegations in Paragraph 72 are denied and Defendants further deny any allegation that Plaintiff Weissman's request for PBRT was improperly denied under the terms of the IPG plan.

73.    Paragraph 73 purports to quote from or characterize a letter dated April 27, 2016 from Dr. Russo to UnitedHealthcare, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 27, 2016 letter, such allegations are denied. The remaining allegations in Paragraph 73 are denied, and Defendants further deny any allegation that Plaintiff Weissman's request for PBRT was improperly denied under the terms of the IPG plan.

74.    Paragraph 74 purports to characterize a document dated May 2016, titled "AllMed Health Care Management", which speaks for itself. To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the AllMed Health Care Management document, such allegations are denied.

75.    Defendants deny the allegation in this paragraph.

76.    Defendants deny the allegation in this paragraph.

77.    Defendants lack information or knowledge sufficient to form a belief as to the truth Plaintiff Weissman's out-of-pocket expenses for PBRT treatment and therefore deny the allegations in this paragraph.

78.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny the allegations in this paragraph.

79.    Defendants admit that Plaintiff Weissman purports to bring this action as a class action.  To the extent that Paragraph 79 consists of Plaintiff's characterization of this action, no response is required.  To the extent that a response to these allegations is required, Defendants deny the allegations.

2. **Richard Cole**

80.     Defendants admit, on information and belief, that Plaintiff Cole's date of birth is April 11, 1948.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, which are therefore denied.

81.     This paragraph purports to characterize medical records concerning Plaintiff Cole, which speak for themselves.   To the extent this paragraph takes out of context or contains allegations that are inconsistent with her medical records, those allegations are denied.  Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's actual physical, medical or health condition, and therefore Defendants deny the allegations in this paragraph.

82.     Paragraph 82 purports to quote from or characterize a letter dated May 30, 2018 from UnitedHealthcare to Plaintiff Cole, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the May 30, 2018 letter, such allegations are denied.

83.     Paragraph 83 purports to quote from or characterize a letter dated July 8, 2018 from Dr. Fagundes to UnitedHealthcare, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the July 8, 2018 letter, such allegations are denied.  Defendants deny the remaining allegations in Paragraph 83.

84.      Defendants admit that UnitedHealthcare denied Plaintiff Cole's first appeal concerning treatment for PBRT.

85.     Paragraph 85 purports to characterize a letter dated August 13, 2018 from Dr. Fagundes to UnitedHealthcare, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the August 13, 2018 letter, such allegations are denied.

86.     Paragraph 86 purports to quote from or characterize a letter dated August 28, 2018 from UnitedHealthcare to Plaintiff Cole, which speaks for itself.  To the extent this paragraph takes

16

out of context or contains allegations that are inconsistent with the language of the August 28, 2018 letter, such allegations are denied.

87.    The first sentence of Paragraph 87 purports to characterize a letter dated August 28, 2018 from UnitedHealthcare to Plaintiff Cole, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the August 28, 2018 letter, such allegations are denied.  The second sentence of Paragraph 87 purports to characterize a December 27, 2018 letter from Plaintiff Cole requesting an external review of UnitedHealthcare's decision, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the December 27, 2018 such allegations are denied. Defendants admit that Plaintiff Cole filed an external appeal with MRIA.  Defendants deny the remaining allegations in Paragraph 87.

88.    Paragraph 88 purports to characterize a letter dated January 7, 2019 from MRIA to Mr. Cole, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the January 7, 2019 letter, such allegations are denied.

89.    Paragraph 89 purports to characterize a letter dated January 24, 2019 from Dr. Fagundes to UnitedHealthcare, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the January 24, 2019 letter, such allegations are denied. Defendants deny the remaining allegations in Paragraph 89, and Defendants further deny any allegation that Plaintiff Cole's request for PBRT was improperly denied under the terms of the CSK Plan.

90.    Paragraph 90 purports to characterize a letter dated January 24, 2019 from Dr. Fagundes to UnitedHealthcare, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the January 24, 2019 letter, such allegations are denied.  Defendants deny the remaining allegations in Paragraph 90 and

further deny any allegation that Plaintiff Cole's request for PBRT was improperly denied under the terms of the CSK Plan.

91.    Paragraph 91 purports to characterize a letter dated January 18, 2019 from Dr. Fagundes to UnitedHealthcare and studies cited therein, which speaks for themselves.   To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the January 18, 2019 letter or the cited studies or other applicable clinical evidence or medical literature, such allegations are denied.   Defendants deny the remaining allegations in Paragraph 91 and further deny any allegation that Plaintiff Cole's request for PBRT was improperly denied under the terms of the CSK Plan.

92.    Paragraph 92 purports to characterize a letter dated January 18, 2019 from Dr. Fagundes to UnitedHealthcare, which speaks for itself.   To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the January 18, 2019 letter, such allegations are denied.   Defendants deny the remaining allegations in Paragraph 92 and further deny any allegation that Plaintiff Cole's request for PBRT was improperly denied under the terms of the CSK Plan..

93.    Defendants deny the allegations in this paragraph.

94.    Defendants admit that on February 4, 2019, MRIA upheld the previous decision denying Plaintiff Cole's request for coverage of PBRT.   Defendants deny the remaining allegations in Paragraph 94.

95.    Defendants lack information or knowledge sufficient to form a belief as to the truth Plaintiff Cole's "results" and out-of-pocket expenses for PBRT treatment and therefore deny the allegations in this paragraph.

### 3. **Zachary Rizzuto**

96.    Defendants admit, on information and belief, that Plaintiff Rizzuto's date of birth is July 11, 1980.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, which are therefore denied.

97.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore deny the allegation in this paragraph.

98.    Paragraph 98 purports to characterize medical records concerning Plaintiff Rizzuto, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with his medical records, those allegations are denied.  Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's actual physical, medical or health condition, and therefore Defendants deny the allegations in this paragraph.

99.    Paragraph 98 purports to characterize medical records concerning Plaintiff Rizzuto, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with his medical records, those allegations are denied.  Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's actual physical, medical or health condition, and therefore Defendants deny the allegations in this paragraph.

100.    Paragraph 98 purports to characterize medical records concerning Plaintiff Rizzuto, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with her medical records, those allegations are denied.  Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's actual physical, medical or health condition, and therefore Defendants otherwise deny the allegations in this paragraph.

101.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny the allegation in this paragraph.

102.    The first sentence of Paragraph 102 purports to characterize medical records concerning Plaintiff Rizzuto, and the last sentence purports to characterize February 15, 2018

correspondence from Mr. Rizzuto's oncological team to UnitedHealthcare. Those documents speak for themselves, and to the extent this paragraph takes out of context or contains allegations that are inconsistent with those documents, those allegations are denied. With regard to the remaining allegations in this paragraph, Defendants lack information or knowledge sufficient to form a belief as to what Mr. Rizzuto's "oncologists believed" and "Mr. and Mrs. Rizzuto" were concerned about and therefore Defendants otherwise deny the allegations in this paragraph.

103.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore deny the allegation in this paragraph.

104.    Paragraph 104 purports to quote from or characterize a letter dated February 21, 2018 from UnitedHealthcare to Plaintiff Rizzuto, which speaks for itself. To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the February 21, 2018 letter, such allegations are denied. Defendants deny the remaining allegations in Paragraph 104.

105.    Paragraph 105 purports to quote from or characterize a letter dated February 27, 2018 from Dr. Lustig to UnitedHealthcare, which speaks for itself. To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the February 27, 2018 letter, such allegations are denied. Defendants deny the remaining allegations in Paragraph 105, and further deny any allegation that Plaintiff Rizzuto's request for PBRT was improperly denied under the terms of the Hertz Plan.

106.    Paragraph 106 purports to quote from or characterize a letter dated February 28, 2018 from Dr. Stephen Bagley to UnitedHealthcare, which speaks for itself. To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the February 28, 2018 letter, such allegations are denied. Defendants deny the remaining allegations in Paragraph 106, and further deny any allegation that Plaintiff Rizzuto's request for PBRT was improperly denied under the terms of the Hertz Plan.

107.     Paragraph 104 purports to characterize a letter dated March 3, 2018 from UnitedHealthcare to Plaintiff Rizzuto, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the March 3, 2018 letter, such allegations are denied.  Defendants deny the remaining allegations in Paragraph 107.

108.     Paragraph 108 purports to quote from or characterize a letter dated March 6, 2018 from Mrs. Rizzuto on behalf of Mr. Rizzuto to UnitedHealthcare and studies referenced therein, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the February 28, 2018 letter, referenced studies or other applicable clinical evidence and medical literature, such allegations are denied. Defendants deny the remaining allegations in Paragraph 108, and further deny any allegation that Plaintiff Rizzuto's request for PBRT was improperly denied under the terms of the Hertz Plan.

109.     Paragraph 109 purports to characterize letters dated March 8, 2018 and March 9, 2018, from UnitedHealthcare to Mrs. Rizzuto, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of these letters, such allegations are denied.

110.     The first sentence in Paragraph 110 purports to quote from or characterize a letter dated April 10, 2018  from UnitedHealthcare to Plaintiff Rizzuto, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 10, 2018 letter, such allegations are denied.  The second paragraph in Paragraph 110 purports to quote from or characterize letters dated April 11, 2018 and April 13, 2018 regarding MRIA's review of Plaintiff Rizzuto's request, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the April 11 and April 13, 2018 letters, such allegations are denied. Defendants deny the remaining allegations in Paragraph 110.

111.    Paragraph 111 purports to quote from or characterize a letter dated May 20, 2018 from Mrs. Rizzuto to UnitedHealthcare and studies and other materials cited therein, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the May 20, 2018 letter, referenced studies or other applicable clinical evidence and medical literature, such allegations are denied. Defendants deny the remaining allegations in Paragraph 111 and further deny any allegation that Plaintiff Rizzuto's request for PBRT was improperly denied under the terms of the Hertz Plan.

112.    Paragraph 112 purports to quote from or characterize UnitedHealthcare's March 2018 PBRT Policy and articles and guidelines referenced therein, which speak for themselves.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the March 2018 PBRT Policy, cited articles, or other applicable clinical evidence or medical literature, such allegations are denied.  Defendants deny the remaining allegations in Paragraph 112 and further deny any allegation that Plaintiff Rizzuto's request for PBRT was improperly denied under the terms of the Hertz Plan.

113.    The last sentence in Paragraph 113 purports to quote from or characterize the American Society for Radiation Oncology's (ASTRO) 2017 updates to its radiation treatment, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the ASTRO 2017 updates, it is denied. Defendants deny the remaining allegations in Paragraph 113 and further deny any allegation that Plaintiff Rizzuto's request for PBRT was improperly denied under the terms of the Hertz Plan.

114.    Defendants deny the allegations in this paragraph.

115.    Paragraph 115 purports to quote from or characterize a letter dated May 24, 2018 from Richard J. Migliori, M.D., to Mrs. Rizzuto, which speaks for itself.  To the extent this paragraph takes out of context or contains allegations that are inconsistent with the language of the May 24, 2018 letter, such allegations are denied.  Defendants deny the remaining allegations

22

in Paragraph 115, and further deny any allegation that Plaintiff Rizzuto's request for PBRT was improperly denied under the terms of the Hertz Plan.

116.    Defendants lack information or knowledge sufficient to form a belief as to the truth Plaintiff Rizzuto's Go Fund Me page or out-of-pocket expenses for PBRT treatment and therefore deny the allegations in this paragraph.

117.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore deny those allegations.

## UNITEDHEALTHCARE'S ERISA VIOLATIONS

118.    This Paragraph is vague and does not specify to which particular health insurance plans it refers, and it alleges legal conclusions to which no response is due.  To the extent a response to the remaining allegations is required, Defendants deny the allegations in this paragraph.

119.    This Paragraph is vague and does not specify to which particular health insurance plans it refers, and it alleges legal conclusions to which no response is due.  29 U.S.C. § 1104 speaks for itself, and Defendants deny that 29 U.S.C. § 1104 entitles Plaintiffs to any judgement against them.  To the extent a response to the remaining allegations is required, Defendants deny the allegations in this paragraph.

120.    Defendants deny the allegations in this paragraph.

121.    Defendants admit that in certain instances, the amount a provider bills to a patient or payer for PBRT services may exceed the amounts billed for other radiation treatments. Defendants deny the remaining allegations in this paragraph.

122.    Defendants deny the allegations in this paragraph.

123.    Defendants deny the allegations in this paragraph.

124.    Defendants deny the allegations in this paragraph.

## CLASS ALLEGATIONS

A.    Defendants deny the allegations in this paragraph.

23

**B.**    **The Class**

125.    Defendants admit that Plaintiffs seek to certify the class alleged, but Defendants deny the allegations of this paragraph and further deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

126.    Defendants admit that Plaintiffs seek to certify the class alleged, but Defendants deny the allegations of this paragraph and further deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

127.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

**C.    Numerosity**

128.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

129.    This paragraph contains legal allegations and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

130.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

131.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

### D.  Predominance of Common Issues

132.    This paragraph and its subparagraph (a) through (f) contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

### E.  Typicality

133.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

### F.  Adequacy of Representation

134.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

### G.  Superiority of Class Action

135.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

136.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

137.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

138.    This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph and further deny that this action is properly maintained as a class action under Federal Rule of Civil Procedure 23.

**FIRST CLAIM FOR RELIEF**
**For Declaratory Relief, Injunctive Relief**
**and Other Equitable Relief, and Attorneys' Fees**
**on behalf of the Plaintiffs and the PBRT Class**
**(29 U.S.C. §§ 1132(a)(3), (g))**
**(as to the UnitedHealthcare Defendants)**

139.    Defendants reallege and incorporate herein by reference their answers to Paragraphs 1 through 139 as though fully set forth herein.

140.    UnitedHealthcare Defendants:    UnitedHealthcare Defendants reallege and incorporate herein by reference their answers to Paragraphs 4, 5, and 6  and admit that Plaintiffs purports to bring this action as a class action.  Defendants deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

Defendants IPG Plan and Hertz Plan:  The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response.  To the extent

26

a response is required the IPG Plan and the Hertz Plan incorporate and adopt UnitedHealthcare's answer.

141.    UnitedHealthcare Defendants:  Paragraph 142 is vague and does not specify to which particular health insurance plans it refers, and it alleges legal conclusions to which no response is due.  29 U.S.C. § 1109(a) and 1002(21)(a) speak for themselves, and UnitedHealthcare Defendants deny that these provisions entitle Plaintiffs to any judgement against them.  To the extent this paragraph contains allegations of fact to which a response is required, UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan:  The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response.  To the extent a response is required the IPG Plan and the Hertz Plan incorporate and adopt UnitedHealthcare's answer.

142.    UnitedHealthcare Defendants:  Paragraph 143 is vague and does not specify to which particular health insurance plans it refers, and it alleges legal conclusions to which no response is due.  This paragraph purports to characterize statutory or regulatory provisions relating to "an ERISA fiduciary," which speak for themselves and UnitedHealthcare Defendants deny that such provisions entitle Plaintiffs to any judgment against them. To the extent this paragraph contains allegations of fact to which a response is required, UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan:  The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response.  To the extent a response is required the IPG Plan and the Hertz Plan incorporate and adopt UnitedHealthcare's answer.

143.    UnitedHealthcare Defendants: This Paragraph is vague and does not specify to which particular health insurance plans it refers, and it alleges legal conclusions to which no

response is due. This paragraph purports to characterize statutory or regulatory provisions relating to "an ERISA fiduciary," which speak for themselves and UnitedHealthcare Defendants deny that such provisions entitle Plaintiffs to any judgment against them. To the extent a response to the remaining allegations is required, UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan: The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response. To the extent a response is required the IPG Plan and the Hertz Plan incorporate and adopt UnitedHealthcare's answer.

144. UnitedHealthcare Defendants: This Paragraph is vague and does not specify to which particular health insurance plans it refers, and it alleges legal conclusions to which no response is due. 29 U.S.C. § 1104 speaks for itself, and UnitedHealthcare Defendants deny that 29 U.S.C. § 1104 entitles Plaintiffs to any judgement against them. To the extent a response to the remaining allegations is required, UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan: The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response. To the extent a response is required the IPG Plan and the Hertz Plan incorporate and adopt UnitedHealthcare's answer.

145. UnitedHealthcare Defendants: UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan: The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response. To the extent a response is required, the IPG Plan and the Hertz Plan deny the allegations.

28

146.    UnitedHealthcare Defendants:  UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan:  The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response.  To the extent a response is required, the IPG Plan and the Hertz Plan deny the allegations.

147.    UnitedHealthcare Defendants:  UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan:  The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response.  To the extent a response is required, the IPG Plan and the Hertz Plan deny the allegations.

148.    UnitedHealthcare Defendants:    UnitedHealthcare Defendants reallege and incorporate herein by reference their answers to Paragraph 121, and otherwise deny the remaining allegations in this paragraph.

Defendants IPG Plan and Hertz Plan:  The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response.  To the extent a response is required the IPG Plan and the Hertz Plan incorporate and adopt UnitedHealthcare's answer.

149.    UnitedHealthcare Defendants: UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan:  The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response.  To the extent a response is required, the IPG Plan and the Hertz Plan deny the allegations.

150.    UnitedHealthcare Defendants: UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan: The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response. To the extent a response is required, the IPG Plan and the Hertz Plan deny the allegations.

151.    UnitedHealthcare Defendants: UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan: The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response. To the extent a response is required, the IPG Plan and the Hertz Plan deny the allegations.

152.    UnitedHealthcare Defendants: UnitedHealthcare Defendants deny the allegations in this paragraph.

Defendants IPG Plan and Hertz Plan: The allegations in this paragraph do not concern a claim against the IPG Plan or the Hertz Plan and therefore do not require a response. To the extent a response is required, the IPG Plan and the Hertz Plan deny the allegations.

**SECOND CLAIM FOR RELIEF**
**For Benefits Due and Clarification of Rights, and Attorneys' Fees**
**on behalf of the Plaintiffs and the PBRT Class**
**(29 U.S.C. §§ 1132(a)(1)(B), (g))**
**(as to All Defendants)**

153.    Defendants reallege and incorporate herein by reference their answers to Paragraphs 1 through 153 as though fully set forth herein.

154.    This paragraph contains legal allegations and characterizations to which no response is required. To the extent a response is required, Defendants deny that they departed from any of the terms or conditions of any benefit plans.

155.    Defendants reallege and incorporate herein by reference their answers to Paragraphs 4, 5, 6, and 21  and admit that Plaintiffs purports to bring this action as a class action.

Defendants deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

156.    Defendants deny the allegations of this paragraph, and Defendants deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

157.    Defendants deny the allegations in this paragraph, and Defendants deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

158.    Defendants deny the allegations in this paragraph, and Defendants deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

159.    Defendants deny the allegations in this paragraph, and Defendants deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

160.    Defendants admit that Plaintiffs purport to seek an order as described in this paragraph, but deny that Plaintiffs have any valid claim(s) or are entitled to any judgement against Defendants.  Defendants further deny the remaining allegations in this paragraph, and specifically deny that this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23 and any wrongful conduct by Defendants.

## REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to any judgement against them or any of the relief requested in Paragraphs 1 through 8, including subparts, of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Defendants set forth the Affirmative Defenses below. Defendants have not knowingly waived any defenses under Rules 8(c) or 12(b) of the Federal Rules of Civil Procedure or any other rights, privileges or defenses. Defendants set forth these Affirmative Defenses based on the facts and information known to date and subject to amendment following further investigation of the facts and proceedings in this action.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs fail to state facts sufficient to state a claim on which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Exhaustion / Administrative Record)

The claims of the Plaintiffs and the putative class members are barred in whole or in part to the extent they have failed to exhaust mandatory administrative and/or contractual remedies of the relevant health benefits plan. Further, to the extent Plaintiffs make allegations in this lawsuit that were not part of the record in the underlying administrative proceedings, Plaintiffs' and the putative class members' claims are barred, or such evidence and allegations should be excluded from this lawsuit, and the scope of evidence in this action should include only the administrative record.

## THIRD AFFIRMATIVE DEFENSE

### (No Damage or Injury)

The claims of the Plaintiffs and the putative class members are barred in whole or in part to the extent they have not suffered any actual injury or damages or, in the alternative, any damages that Plaintiffs or the putative class members may have suffered were caused by their own conduct.

## FOURTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

Plaintiffs' claims are barred in whole or in part on the ground that Defendants complied with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint, including ERISA.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, because Plaintiff lacks standing to assert them.

## SIXTH AFFIRMATIVE DEFENSE

### (Actions Contemplated by Contract)

The claims of Plaintiffs and the putative class members are barred because the practices of Defendants complained of are expressly recognized, contemplated, and permitted by the relevant agreements.

## SEVENTH AFFIRMATIVE DEFENSE

### (Not Covered)

Plaintiffs and the putative class members are not entitled to relief to the extent the health care services or supplies that underlie their claims are not covered under the terms of the employer-sponsored health care benefits plan.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitations)

The claims of Plaintiffs and the putative class members are barred, in whole or in part, to the extent any applicable statute of limitations under state law and/or contractual limitations period has lapsed.

## NINTH AFFIRMATIVE DEFENSE

### (ERISA Bar of Extra Contractual Relief)

Plaintiffs' and the putative class members' claims and those of the putative class seeking damages other than Plan benefits are barred by the provisions of ERISA. *See* 29 U.S.C. §§ 1144(a), 1132(a).

## TENTH AFFIRMATIVE DEFENSE

### (No Breach)

Defendants' conduct was consistent with the terms of Plaintiffs' and the putative class members' coverage and plan documents and did not breach any duty or obligation under the plan documents or ERISA.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Full Performance)

Plaintiffs' and putative class members claims' are barred because Defendants duly performed, satisfied, and discharged any and all duties and obligations it may have owed to Plaintiffs and the putative class arising out of any and all agreements or representations made by them or on their behalf prior to commencement of this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of accord and satisfaction, because Plaintiff and the putative class members received the full monetary benefit to which they were entitled under the terms of their plans.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

Plaintiffs' and the putative class members' claims and those of the putative class members are barred, in whole or in part, by the doctrines of waiver and estoppel, because Plaintiff and the putative class members acquiesced in, consented to, or ratified the conduct of which they complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiffs' and the putative class members' claims are barred in whole or in part because if any loss was suffered by Plaintiffs or the putative class members, which Defendants deny, that loss

did not result from any purported breach of alleged fiduciary duties by Defendants. Further, recovery by Plaintiffs and the putative class members is barred, in whole or part, to the extent their alleged injuries and/or damages, if any, were not caused in fact or proximately caused by any acts and/or omissions of Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Conditions Precedent / Subsequent)

The claims of Plaintiffs are barred, in whole or in part, to the extent Plaintiffs or their assignees failed to satisfy requisite conditions or obligations which the relevant employer sponsored plan required in order to enforce rights and benefits under the terms of the plan.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' and the putative class members' claims are barred in whole or in part because Defendants at all times acted in good faith and consistent with applicable federal and state laws and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' and the putative class members' claims and those of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees and Costs)

Plaintiffs and the putative class members have failed to state facts sufficient to provide a legal or factual basis to award attorney's fees or costs to Plaintiffs or the putative class members.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Assignment)

Plaintiffs' and the putative class members' claims are barred in whole or in part to the extent Plaintiffs or the putative class members assigned their benefits to a provider or anyone else relating to the services at issue.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' and the putative class members' claims are barred in whole or in part to the extent Plaintiffs of the putative class members have failed to mitigate their damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Secondary Insurance)

Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent they were paid for by secondary insurance.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plan Documents Limit or Preclude Recovery)

The recovery of Plaintiffs and the putative class, if any, is equitably limited by the terms and conditions of each health plan, including without limitation: deductibles, copays, coinsurance, and any other applicable coverage or exclusion provisions.

## TWENTH-THIRD AFFIRMATIVE DEFENSE

### (Justification)

Plaintiffs' and the putative class members' claims and those of the putative class members are barred because Defendants' actions were undertaken in good faith and justified by legitimate business motives, purposes, and reasons, and with the absence of malicious intent to injure Plaintiffs or the putative class, and constituted lawful, proper, and justified activities.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Plan-Specific Limitations Period)

Plaintiffs' and the putative class members' are barred under the limitations periods imposed by the health plans.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Set-Off)

To the extent that Plaintiffs or the putative class members have suffered any damages from conduct attributable to Defendant, such damages must be reduced in whole or in part by an appropriate set-off.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Recoupment)

To the extent that Plaintiffs or the putative class members have suffered any damages from conduct attributable to Defendants, such damages must be reduced in whole or in part pursuant to the doctrine of recoupment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join Parties Under Fed. R. Civ. P. 19 / Proper Party)

Plaintiffs' and the putative class members' claims are barred, in whole or part, to the extent Plaintiffs have failed to sue the appropriate entity and/or necessary and indispensable parties to this action have not been joined under Fed. R. Civ. P. 19, prohibiting this action from proceeding in equity and good conscience among the parties presenting before the Court. Defendants specifically reserves the right to implead such parties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Payment)

The claims of Plaintiffs and the putative class members are barred, in whole or part, to the extent they were not required to pay for the services at issue (beyond copay or coinsurance amounts).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Received Benefits Due)

Plaintiffs and the putative class members and/or their assignees have received all benefits due under the terms of the employer-sponsored group health plans.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Equitable Relief)

The claims of Plaintiffs and the putative class members are barred, in whole or in part, to the extent that they seek equitable relief because they have an adequate remedy at law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Benefits)

Plaintiffs and putative class members are not entitled to any relief because Defendants determination of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable, or erroneous as a matter of law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Freedom of Contract)

Plaintiffs and putative class members are not entitled to any relief because the employer sponsor of the relevant health benefit plan chose and/or adopted the terms of coverage, benefits and limitations under their respective group health plan when they established its plan through the purchase of insurance or otherwise, and was free to accept, change or disapprove of the terms of coverage for its respective plan participants and covered beneficiaries, and was not forced or

38

coerced into selecting, adopting or otherwise approving the use of coverage documents for its respective plan that were not solely in the interest of individuals covered under the plan.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiffs and putative class members are not entitled to any relief because Plaintiffs and putative class members and/or the employer sponsor were fully aware, informed of, and/or agreed to all material terms in the coverage documents issued to and/or adopted by the employer sponsor, and ratified the use of those terms through repeated contract renewals and continued use in connection with their respective group health plans.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Rule 23 Requirements Not Met)

The Complaint does not allege a class properly certifiable under Rule 23 because Plaintiffs are not an adequate class representative, Plaintiffs' claims are not typical of those of the putative class members, no common issues predominate, and a class action would be unmanageable and inferior to other methods of adjudicating the claims of Plaintiffs and the class he seeks to represent.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

Plaintiffs' claims and the claims of putative class members are barred under the doctrines of res judicata and/or collateral estoppel.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendants expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' positions in this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants ask the Court to enter judgment as follows:

A.    Enter judgment in Defendants favor on all of Plaintiffs' claims.

B.    Award Defendants its attorneys' fees and costs to the fullest extent permitted by law, including 29 U.S.C. §1132 (g).

C.    Grant Defendants any other relief as the Court deems just and proper.

Respectfully submitted,

UNITEDHEALTHCARE INSURANCE COMPANY; UNITED HEALTHCARE SERVICE, LLC; INTERPUBLIC GROUP OF COMPANIES, INC. CHOICE PLUS PLAN; and THE HERTZ CUSTOM BENEFIT PROGRAM, Defendants,

By Their Attorney,

/s/Gregory F. Noonan
Gregory F. Noonan (BBO # 651035)
HOGAN LOVELLS US LLP
125 High St., 20th Floor, Boston, MA 02110
Telephone: (617) 371-1029
Fax: (617) 371-1037
gregory.noonan@hoganlovells.com

*Of Counsel:*

Peter H. Walsh (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3017
Fax: (612) 339-5167
peter.walsh@hoganlovells.com

Briana L. Black (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6657
Fax: (202) 637-5910
briana.black@hoganlovells.com

Dated: March 31, 2021

## CERTIFICATE OF SERVICE

I certify that on March 31, 2021, a copy of this document was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing, and that paper copies will be sent to those indicated as nonregistered participants.

/s/Gregory F. Noonan
Gregory F. Noonan