# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATE WEISSMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, LLC, AND INTERPUBLIC GROUP OF COMPANIES, INC. CHOICE PLUS PLAN,<br><br>　　　　Defendants. | **CIVIL ACTION NO. 1:19-cv-10580**<br><br>**Consolidated with**　　**1:19-cv-12224; and**<br>**Consolidated with**　　**1:19-cv-12239**<br><br><u>**CLASS ACTION**</u> |
| RICHARD COLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:19-cv-12224 |
| ZACHARY RIZZUTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, INC., and THE HERTZ CUSTOM BENEFIT PROGRAM,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:19-cv-12239 |

## JOINT STATUS REPORT AND PROPOSED CASE SCHEDULE

Plaintiffs Kate Weissman, Richard Cole, and Zachary Rizzuto (together, "Plaintiffs") and Defendants UnitedHealthcare Insurance Company, UnitedHealthcare Services, LLC, Interpublic Group of Companies, Inc. Choice Plus Plan and The Hertz Custom Benefit Program (together, "Defendants"), pursuant to the Court's Order [Doc. No. 99], respectfully submit this Joint Status Report and request the Court issue an order modifying the Scheduling Order consistent with the parties' joint proposed schedule. In support of their joint request, the parties state as follows:

1. On February 8, 2023, the Court entered an Order modifying the Scheduling Order and approving the schedule set forth in the parties' joint request. [Doc. Nos. 79, 80.]

2. On May 11, 2023, the Court entered an Order staying all deadlines in this case for ninety days, pending mediation. [Doc. No. 85.] The Court subsequently ordered the parties to file a status report on September 5, 2023. [Doc. No. 86.]

3. Thereafter, the parties have periodically submitted joint status reports informing the Court of the status of the parties' settlement discussions and asking the Court to further continue all deadlines. The Court granted these requests. [Doc. Nos. 88, 89, 90, 91, 93, 94, 95, 96, 98, 99.]

4. On May 6, 2024, the Court granted the parties' request for a further continuance of all deadlines but also stated that, "[T]he Court anticipates convening a status conference at which the Court will set a schedule that moves the case towards trial even if settlement discussions continue." [Doc. No. 99.]

5. On June 26, 2024, the parties submitted a joint status report informing the Court that the parties intended to continue settlement discussions and would simultaneously discuss a proposed schedule to present to the Court and requesting the Court set a status conference for

August 2024. [Doc. 100.]  The Court granted the parties' request and set a remote status conference for August 6, 2024 at 9:00 a.m. EST. [Doc. No. 101.]

6. The parties continue to discuss potential settlement through their routine conferences and their ongoing work with the mediator.

7. Despite these efforts, the parties have not been able to agree upon a settlement within the Court's last granted extension. [Doc No. 101.]

8. The parties are appreciative of the Court's patience in their ongoing settlement efforts and understand that the Court anticipates setting a schedule that moves the case towards trial even if settlement discussions continue.

9. Accordingly, the parties have conferred and jointly submit a proposed case schedule.

10. The parties' joint proposal (a) provides some additional time for the parties to continue settlement discussions while they also resume discovery, and (b) contemplates sufficient time for the parties to complete the agreed-upon discovery plan and class-certification briefing previously discussed with the Court in prior submissions, which includes completing document discovery and fact witness depositions prior to the filing of Plaintiffs' class certification motion and Defendants' opposition to that motion.  (*See* Doc. No. 79.)

11. The parties' proposed schedule endeavors to facilitate continued cooperation to complete fact discovery, expert discovery concerning class-certification issues, and briefing on Plaintiffs' motion for class certification in an efficient manner, and will promote the resolution of this case on a well-developed evidentiary record.

12. The following table sets forth the parties' proposed dates for all events in the previous Scheduling Order. [Doc. Nos. 79, 80.]  If the Court is so inclined to hear from the parties

before modifying the Scheduling Order, counsel are prepared to report at the status conference on August 6, 2024.

| Agenda Item | Proposed Schedule |
|---|---|
| All parties to supplement responses to interrogatories and supplement Rule 26(a)(1) disclosures, if needed, based on available information and discovery to date | 3/14/2025 |
| Last day for Plaintiffs to file motion for class certification and Rule 26(a)(2) disclosures of class certification expert(s), if any relied on in support of motion[2] | 3/28/2025 |
| Last day to complete fact discovery, including non-expert depositions | 4/28/2025 |
| Last day for Defendants to file opposition to motion for class certification and Rule 26(a)(2) disclosures of class certification expert(s), if any relied on in support of opposition | 5/30/2025 |
| Last day for Plaintiffs to file reply in support of motion for class certification[3] | 6/30/2025 |
| Status Conference before the Court | To be determined by the Court |

[2] If Plaintiffs rely on any expert opinion in support of their motion for class certification, Plaintiffs agree to make any such expert witness(es) available for deposition at least 30 days prior to Defendants' deadline to file its opposition to the class certification motion. Similarly, if Defendants rely on any expert opinion in support of their opposition to class certification, Defendants agree to make any such expert witness(es) available for deposition at least 15 days prior to Plaintiffs' deadline to file its reply brief in support of class certification.

[3] If Plaintiffs rely on any new expert opinion in support of their reply brief, Plaintiffs agree to (1) make any such expert witness available for deposition within the two weeks following the date Plaintiffs file their reply brief, and (2) not object to Defendants' request for a sur-reply to only address any new expert opinions Plaintiffs rely on in support of their reply.

| | |
|---|---|
| Dated: August 1, 2024 | Respectfully submitted, |
| PLAINTIFFS, | DEFENDANTS, |
| KATE WEISSMAN, RICHARD COLE and ZACHARY RIZZUTO, Plaintiffs and the Putative Class | UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, LLC, INTERPUBLIC GROUP OF COMPANIES, INC., CHOICE PLUS PLAN, and THE HERTZ CUSTOM BENEFIT PROGRAM, Defendants |
| By Their Attorneys, | By Their Attorneys, |
| By: */s/ Stephanie A. Casey* <br> Stephanie A Casey, *Pro Hac Vice* <br> COLSON HICKS EIDSON <br> 255 Alhambra Circle, Penthouse <br> Coral Gables, FL 33134 <br> Telephone: (305) 476-7400 <br> Facsimile: (305) 476-7444 <br> scasey@colson.com <br><br> Maria Dolores Garcia, *Pro Hac Vice* <br> Robert John Neary, *Pro Hac Vice* <br> KOZYAK TROPIN & THROCKMORTON LLP <br> 2525 Ponce de Leon Blvd., 9th Floor <br> Coral Gables, FL 33134 <br> Telephone: (305) 372-1800 <br> Facsimile: (305) 372-3508 <br> mgarcia@kttlaw.com <br> rn@kttlaw.com <br><br> *Attorneys for Plaintiff Richard Cole and the Putative Class* <br><br> Mala M. Rafik <br> ROSENFELD & RAFIK, P.C. <br> 184 High Street, Suite 503 <br> Boston, MA 02110 <br> Telephone: (617) 723-7470 <br> Facsimile: (617) 227-2843 <br> mmr@rosenfeld.com | By: */s/ Gregory F. Noonan* <br> Gregory F. Noonan <br> Gregory F. Noonan (BBO # 651035) <br> HOGAN LOVELLS US LLP <br> 125 High Street., 20th Floor <br> Boston, MA 02110 <br> Telephone: (617) 371-1000 <br> Facsimile: (617) 371-1037 <br> gregory.noonan@hoganlovells.com <br><br> Of Counsel: <br> Peter H. Walsh <br> HOGAN LOVELLS US LLP <br> 80 South Eighth Street, Suite 1225 <br> Minneapolis, MN 55402 <br> Telephone: (612) 402-3017 <br> Facsimile: (612) 339-5167 <br> peter.walsh@hoganlovells.com <br><br> Briana L. Black <br> HOGAN LOVELLS US LLP <br> 555 Thirteenth Street, NW <br> Washington, DC 20004 <br> Telephone: (202) 637-6657 <br> Facsimile: (202) 637-5910 <br> briana.black@hoganlovells.com |

| | |
|---|---|
| Richard T. Collins, *Pro Hac Vice* | Michael M. Maddigan |
| Damon D. Eisenbrey, *Pro Hac Vice* | Jordan D. Teti |
| ARNALL GOLDEN GREGORY LLP | HOGAN LOVELLS US LLP |
| 2100 Pennsylvania Avenue, NW | 1999 Avenue of the Stars, Suite 1400 |
| Suite 350S | Los Angeles, CA 90067 |
| Washington, DC 20037 | Telephone: (310) 785-4727 |
| Telephone: (202) 677-4917 | Facsimile: (310) 785-4601 |
| Facsimile: (202) 677-4047 | michael.maddigan@hoganlovells.com |
| Rich.Collins@agg.com | jordan.teti@hoganlovells.com |
| Damon.Eisenbrey@agg.com | |

Lisa S. Kantor, *Pro Hac Vice*
Timothy J. Rozelle, *Pro Hac Vice*
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272
lkantor@kantorlaw.net
trozelle@kantorlaw.net

*Attorneys for Plaintiffs Kate Weissman and Zachary Rizzuto, and the Putative Class*

## Certificate of Service

I certify that on August 1, 2024, a copy of this document was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing, and that paper copies will be sent to those indicated as nonregistered participants.

Dated: August 1, 2024        By: */s/ Gregory F. Noonan*
                                                      Gregory F. Noonan

6