UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | |
|---|---|
| KATE WEISSMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, LLC, AND INTERPUBLIC GROUP OF COMPANIES, INC. CHOICE PLUS PLAN,<br><br>        Defendants. | **CIVIL ACTION NO. 1:19-cv-10580**<br><br>**Consolidated with   1:19-cv-12224; and**<br>**Consolidated with   1:19-cv-12239**<br><br>**CLASS ACTION** |
| RICHARD COLE,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>        Defendant. | CIVIL ACTION NO. 1:19-cv-12224 |
| ZACHARY RIZZUTO,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., and THE HERTZ CUSTOM BENEFIT PROGRAM,<br><br>        Defendants. | CIVIL ACTION NO. 1:19-cv-12239 |

**DECLARATION OF LISA S. KANTOR IN SUPPORT OF**
**PLAINTIFFS' MOTION TO APPROVE CLASS SETTLEMENT**

I, LISA S. KANTOR, declare as follows:

1. I am an attorney duly licensed to practice in all courts in the State of California. I am counsel of record in the above-entitled matter, and am admitted to practice *pro hac vice* before this Court. I make this declaration of my own personal knowledge, except for those matters stated on information and belief. If called as a witness, I could and would testify competently to the following.

2. I graduated in 1980 summa cum laude and Phi Beta Kappa from Union College in Schenectady, New York, with a Bachelor of Arts in Political Science and Economics. I received my Juris Doctor degree in 1983 from the University of Virginia.

3. Upon graduation from law school, I joined Kadison, Pfaelzer, Woodard, Quinn & Rossi as a litigation associate. In 1987, I was asked to join a group of partners who left that firm to form Quinn, Kully and Morrow. I was elected to partner at that firm and remained there until 1995, specializing in complex litigation and appellate work.

4. I left Quinn, Kully and Morrow in 1995 and was a Senior Judicial Attorney, California Court of Appeal, in Justice Miriam Vogel's chambers.

5. In 1997, I left to go into private practice and was a sole practitioner specializing in appellate litigation.

6. In 2004, my husband and I formed Kantor & Kantor, LLP, which specializes in representing people who have been denied disability and health insurance benefits. Since 2009, my practice has been devoted almost exclusively to representing clients who have been denied health insurance coverage for the treatment of various disorders.

7. In 2007, I was counsel of record in *Thompkins v. BC Life and Health Ins., Co.,* 414 F. Supp. 2d 953 (C.D. Cal. 2006), the first California decision requiring insurance companies to apply the California Mental Health Parity Act to insureds who sought treatment outside of California.

8. I was also counsel of record in the two leading cases interpreting the California Mental Health Parity Act and holding that the Act requires insurance companies to provide all medical necessary treatment for patients with anorexia nervosa and bulimia nervosa, *Harlick v. Blue Shield of California,* 686 F.3d 699 (9th Cir. 2012), cert. denied, 133 S. Ct. 1492 (2013) and *Rea v. Blue Shield of California*, 226 Cal. App. 4th 1209 (2014).

9. I have been counsel of record in the following class actions all of which involve claims relating to insurance coverage for treatment of various disorders: *Sofia Ames, as the Guardian Ad Litem for her son, Giovanni Murray Anthem Blue Cross Life and Health Ins. Co. dba Anthem Blue Cross,* et al., Los Angeles Superior Court, Case No. BC591623; *Aurora Bailey, etc. v. Anthem Blue Cross Life and Health Ins. Co. dba Anthem Blue Cross, et al.,* United States District Court, Northern District of California, Case No. 3:16-cv-04439-JSW; *Douglas Kerr, as the Conservator for Matthew Szitkar-Kerr, etc. v. Kaiser Foundation Health Plan, et al.,* Los Angeles Superior Court, Case No. BC556863; *Shelby Oppel v. Anthem Blue Cross,* Los Angeles Superior Court, Case No. BC518736; and *Banken v. Anthem Blue Cross,* Los Angeles Superior Court, Case No. BC550193.

10. As part of the settlement of this class action, United Healthcare has agreed to revisions to its Proton Beam Radiation Therapy ("PBRT") Medical Policy. Plaintiffs believe that the revisions will ensure that requests for PBRT coverage will be individually considered by United going forward. A true and correct copy of this Policy, with redlines indicating the changes, is attached to the Parties' Settlement Agreement as Exhibit D.

11. The PBRT Medical Policy continues to recognize that proton beam radiation therapy is the "definitive treatment" for certain hepatocellular carcinomas; intracranial arteriovenous malformations; ocular tumors, including intraocular/uveal melanoma (includes the iris, ciliary body and choroid); and skull-based tumors (e.g., chordomas, chondrosarcomas, paranasal sinus or nasopharyngeal tumors).

12. The PBRT Medical Policy continues to recognize that PBRT and IMRT are proven and considered clinically equivalent for treating prostate cancer.

12. The PBRT Medical Policy continues to allow a patient to obtain medically necessary PBRT treatment for a diagnosis, including recurrences or metastases, other than prostate cancer and those listed under the "definitive treatment" section when (1) documentation is provided that sparing of the surrounding normal tissue cannot be achieved with standard radiation therapy techniques; and (2) evaluation includes a comparison of treatment plans for PBRT, intensity-modulated radiation therapy (IMRT), and stereotactic body radiation therapy (SBRT) for the specific member.

13. The PBRT Medical Policy no longer includes specific reference to a list of thirteen (13) diagnoses or uses for which, proton beam therapy was deemed "unproven and not medically necessary due to insufficient evidence of efficacy for treating all other indications."

Executed on May 9, 2025, at Northridge, California.

*/s/ Lisa S. Kantor*
Lisa S. Kantor