UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATE WEISSMAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, LLC, AND INTERPUBLIC GROUP OF COMPANIES, INC. CHOICE PLUS PLAN,<br><br>　　　　　Defendants. | **CIVIL ACTION NO. 1:19-cv-10580**<br><br>**Consolidated with**　　**1:19-cv-12224; and**<br>**Consolidated with**　　**1:19-cv-12239**<br><br>**<u>CLASS ACTION</u>** |
| RICHARD COLE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:19-cv-12224 |
| ZACHARY RIZZUTO,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, INC., and THE HERTZ CUSTOM BENEFIT PROGRAM,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:19-cv-12239 |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND AGREEMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), and (g) ("ERISA") with respect to coverage of Proton Beam Radiation Therapy ("PBRT") for certain types of cancer under Defendants'[1] health insurance plans.[2] The terms of the Settlement are set out in the Settlement Agreement (filed at ECF No. 114-1), fully executed as of May 9, 2025.

Pursuant to the Plaintiffs'[3] Motion, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Class. Upon reviewing the Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' Motion, and the declaration of counsel, and the matter having come before the Court, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.  The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Defendants.

2.  **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) (b)(1) and (b)(2) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies for settlement purposes only, the following class (the "Class"):

> Persons who, have not properly excluded themselves per the terms of the Agreement and who:

---

[1] Defendants United Healthcare Insurance Company, United Healthcare Service, Inc., Interpublic Group of Companies, Inc., Choice Plus Plan, and The Hertz Custom Benefit Program ("Defendants").

[2] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement filed at ECF No. 114-1.

[3] The Plaintiffs are Kate Weissman, Richard Cole, and Zachary Rizzuto.

(1) at the time they were covered by an ERISA-governed plan issued or administered by Defendants; (2) were diagnosed with one of three types of cancer at issue (prostate cancer, primary central nervous system cancer, or cervical/gynecological cancer); (3) either (a) obtained PBRT treatment and submitted a post-service claim for PBRT treatment that was denied between March 26, 2016 and August 28, 2023 for clinical reasons (identified by specific codes in the data) or (b) obtained PBRT treatment after a pre-authorization denial between March 26, 2016 and August 28, 2023 for clinical reasons (identified by specific codes in the data); and (4) the PBRT treatment was not paid for by any other commercial, self-funded, or governmental benefits health payor.

3. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a) as required by Fed. R. Civ. P. 23(a)(1), the Class is ascertainable from records Defendants keep with respect to the Plaintiffs' and the Class Members' claims for coverage of PBRT treatment under their health insurance plans, and the Class is so numerous that joinder of all members is impracticable;

(b) as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Class;

(c) as required by Fed. R. Civ. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Class that the Plaintiffs seek to certify;

(d) as required by Fed. R. Civ. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of the Plaintiffs and the nature of the alleged claims are consistent with those of the Class Members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Class Members;

(e) as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications as to individual Class Members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f) as required by Fed. R. Civ. P. 23(b)(2), Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole; and

(g) as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling ERISA cases and class actions; and (iii) have committed the necessary resources to represent the Class.

4. For purposes of effectuating the Settlement, the Court preliminarily appoints Plaintiffs Kate Weissman, Richard Cole, and Zachary Rizzuto as Class Representatives for the Class.

5. For purposes of effectuating the Settlement, the Court preliminarily appoints the following counsel as Class Counsel for the Class: (i) Arnall Golden Gregory LLP, (ii) Colson Hicks Eidson, (iii) Kantor & Kantor, and (iv) Kozyak, Tropin & Throckmorton LLP. For the purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Class Representatives,

and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement.

6. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

(a) The Settlement was negotiated vigorously and at arm's length, through four in-person mediation sessions with private mediator Ed Oster at Judicate West, by counsel for Defendants, on the one hand, and the Plaintiffs and Class Counsel on behalf of the Class, on the other hand;

(b) Through nearly six years of litigation, Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

(c) If the Settlement had not been achieved, Plaintiffs and the Class faced the expense, risk, and uncertainty of protracted litigation;

(d) The proposed method for providing monetary relief to Settlement Payment Class Members is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Settlement Payments is efficient, relying on Defendants' records and requiring the timely submission of only a modest Claim Form and supporting documentation for Settlement Class Members. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart

from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv). The Settlement amount is within the range of settlement values obtained in similar cases;

(e) At all times, the Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Class; and

(f) The proposed method of distributing the Settlement Payments is fair, reasonable, and adequate.

7. **Final Approval/Fairness Hearing.** A hearing is scheduled for September 23, 2025 at 09:00 a.m. to make a final determination, concerning among other things:

(a) Any objections from Class Members to the Settlement or any aspects of it;

(b) Whether the Settlement merits final approval as fair, reasonable, and adequate;

(c) Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

(d) Whether Class Counsel adequately represented the Class for purposes of entering into and implementing the Settlement;

(e) Whether the proposed method of distributing the Settlement Payments should be granted final approval;

(f) Whether to approve the payment to the Plaintiffs, as set forth in the Settlement Agreement; and

(g) Whether the Attorneys' Fees and Costs and Plaintiffs' service awards requested in Class Counsel's related application(s) are fair and reasonable and should be approved.

8.      **Settlement Notice.** The Court approves the Notice of Proposed Settlement of Class Action and Final Approval Hearing attached to the Settlement Agreement as Exhibit A ("Settlement Notice"). The Court finds that the notice form fairly and adequately: (a) describes the terms and effects of the Settlement Agreement and the Settlement, including any monetary relief to which a Settlement Class Member may be entitled to pursue; (b) gives notice to the Class Members of the time and place of the Fairness Hearing; and (c) describes how the recipients of the Settlement Notice may object to any of the relief requested; and (d) describes how the recipients of the Settlement Notice may request to be excluded from the Settlement. Costs associated with the Settlement Administrator will be paid separately from the benefit to the Class.

9.      **Settlement Administrator.** The Court hereby approves the appointment of Rust Consulting, Inc. as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

(a)     Within 15 days after entry of the Preliminary Approval Order, United Healthcare shall, for purposes of facilitating the distribution of the Summary Settlement Notice, provide the Settlement Administrator with the last known telephone numbers and physical addresses, for all persons that United Healthcare's records reasonably indicate are likely to the Settlement Class Members.

(b)     No more than 30 days after the entry of the Preliminary Approval Order, cause the Settlement Notice and Claim Form (Exhibit E to the parties' Settlement Agreement), with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent via U.S. mail to Settlement Class Members on the Class List. Prior to mailing the Settlement Notice,

6

       the Settlement Administrator shall update the last known addresses reflected in the Defendants' records for the Class List by comparing them to the National Change of Address system to ensure individual notice is provided to all reasonably identifiable Settlement Class Members. If any Settlement Notices are returned as undeliverable with forwarding addresses provided, the Settlement Administrator shall re-send Settlement Notices and Claim Forms to the forwarding addresses. For any Settlement Notices returned undeliverable without forwarding addresses provided, the Settlement Administrator shall run an address search (skiptrace) against a comparable address database, and re-send Settlement Notices and Claim Forms to any updated addresses obtained.

   (c)    The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are appropriate and the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

10.    **Petition for Attorneys' Fees, Litigation Costs and Plaintiffs' Awards.** Any petition by Class Counsel for attorneys' fees, litigation costs and awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed within 35 days of the entry of this Preliminary Approval Order.

11.    **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of final approval of the Settlement shall be filed at least 21 days prior to the Final Approval Hearing. Any reply briefs in support of final approval of the Settlement shall be filed no later than 7 days prior to the Final Approval Hearing.

12. **Objections to Settlement** — Any Class Member who wishes to object to the Settlement may submit a written notice of objection to be considered by the Court in advance of the Fairness Hearing. If a Class Member wishes to submit a written objection to the Settlement, the written objection must be postmarked no later than forty-five (45) calendar days from the date the Settlement Notice was sent to the Class Members.  To submit a written objection, a Class Member must deliver a notice of objection to Class Counsel and Defendants' Counsel at the addresses identified in the Settlement Notice (¶ 23). The notice of objection must: (i) identify the case name and number; (ii) identify the person submitting the objection as a Class Member; (iii) attach copies of materials the Class Member will submit to the Court or present at the Fairness Hearing (if any); (iv) be signed by the Class Member; and (v) clearly state in detail: (1) the legal and factual ground(s) for the objection; (2) the Class Member's name, address, and, if available, telephone number; and (3) if represented by counsel, such counsel's name, address, and telephone number. If a Class Member submits a written objection to the Settlement before the Court-approved deadline, they may also attend the Fairness Hearing to present their objections to the Court. They may attend the Fairness Hearing even if they do not file a written objection, but they will only be allowed to speak at the Fairness Hearing if they file a written objection in advance of the hearing, subject to the discretion of the Court.

13. **Opting Out.** Any Settlement Payment Class Member who does not wish to participate in the Settlement Payment Class (i.e., "opt out") must do so in writing, which shall be mailed to the Settlement Administrator. Such opt out requests must be postmarked no later than forty-five (45) days from the date the Settlement Notice was sent to the Class. The request must (1) identify the case name and number; (2) be signed by the person seeking to be excluded from the Settlement Payment Class; (3) clearly express the person's desire to be excluded from the Settlement Payment Class; and

(4) include the person's name, address, and, if available, telephone number, and, if represented by counsel, counsel's name, address, and telephone number. Any Settlement Class Member who wishes to be excluded from the Settlement Payment Class can only opt out for himself or herself and cannot opt out for any other person or any group of persons (with the exception of a person acting on behalf of Settlement Class Members), nor can any person within the Settlement Class authorize any other person to opt out on his or her behalf (with the exception of a caregiver or conservator acting on behalf of a Settlement Class Member who requires such assistance, who must provide evidence of their authority to act on behalf of the Settlement Class Member). Any request for exclusion that fails to satisfy these requirements, or that has not been timely postmarked shall be deemed ineffective, and any person included within the Settlement Class who does not properly and timely submit a request for exclusion shall be deemed to have waived all rights to opt out and shall be deemed a Settlement Class Member for all purposes under the Agreement. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed at least 7 days prior to the Fairness Hearing.

14. **Parallel Proceedings** — Pending final determination of whether the Settlement Agreement should be approved, the Plaintiffs and the Class Members are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants. This provision does not apply to any actions a Class Member may have brought against Defendants prior to the date of this Order.

15. **Class Action Fairness Act Notice.** The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted along with the request for preliminary approval of the Settlement Agreement complies with the requirements of CAFA.

9

16. **Continuance of Final Approval/ Fairness Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be conducted by telephone or video conference.

SO ORDERED this 13th day of May 2025.

Dated: May 13, 2025

                                              */s/ Allison D. Burroughs*
                                              ALLISON D. BURROUGHS
                                              U.S. DISTRICT JUDGE